## GEORGE ALDERMAN V. TERRITORY.

*No. 1998. Okla. T.   Opinion Filed January 13, 1909.*

(98 Pac. 1026.)

1.   CRIMINAL LAW—Appeal—Sufficiency of Evidence. To test the
      legality of a verdict in a case of larceny, where the jury has convicted
      a defendant upon the testimony of an accomplice, with independent
      evidence tending to connect the defendant with the commission of the
      offense. this court will take the strongest view of the corroborating
      evidence against the defendant that the evidence would warrant the
      jury in arriving at.

2.   SAME—Appeal—Accomplice Testimony. Where a defendant is con-
      victed on accomplice testimony, and the evidence is clear and direct,
      this court will not reverse the judgment of the lower court, unless it
      is able to say that the record does not contain any evidence, inde-
      pendent of the testimony of the accomplice, which tends to connect
      the defendant with the commission of the offense.
      (Syllabus by the Court.)

*Appeal from District Court, Kay County; B. T. Hainer, Judge.*

George Alderman was convicted of larceny, and appeals.
Affirmed.

At the March term of the district court of Kay county,
1906, an indictment was returned into court by the grand jury
against George Alderman (hereafter called defendant) in which
he was charged with grand larceny for taking two hogs, on or
about the 28th day of January, 1906, from one C. H. Van Fassen.
The defendant pleaded not guilty to this charge.  On the 21st of
April the jury found the defendant guilty, and he was sentenced
by the court to four years' imprisonment in the territorial prison.
Defendant filed a motion for a new trial.  This being overruled,
defendant brought this case by appeal to the Supreme Court
of Oklahoma Territory.  Upon the admission of the state of
Oklahoma into the Union, this case, under the terms of the Con-
stitution of the state and the Enabling Act was transferred to the
Supreme Court of the state of Oklahoma (Act June 16, 1906, c.
3335, § 17, 34 Stat. 276).  Upon the creation of the Criminal

Court of Appeals, as directed by statute, the Supreme Court of the state transferred the case to this court.

E. J. Dick and Martin, Tibbetts & Guinn, for appellant.

W. O. Cromwell, Atty. Gen., Don C. Smith, and J. H. Cline, for the Territory.

FURMAN, PRESIDING JUDGE (after stating the facts as above). The only question presented on this appeal is as to whether there is in the record any evidence tending to connect the defendant with the commission of the offense with which he was charged, and of which he was convicted, independent of the evidence of the two accomplices who testified against him on the trial.

In the case of Fort v. State, 52 Ark. 187, 11 S. W. 960, 20 Am. St. Rep. 163, that court said:

"To test the legality of a verdict under such circumstances, the rule of appellate courts is to take the strongest statement of the case against the defendant that the evidence would warrant the jury in finding, if the fact were specially found."

C. H. Van Fassen testified that he was a farmer, and lived in Miller township, Kay county, Okla.; that on the night of the 25th of January, 1906, two hogs were stolen from him. They were taken from a pen on his premises near the public road. The hogs were butchered in a pen, and dragged over the fence. There was so much travel in the public road that witness could not distinguish any particular tracks. The hogs weighed about 300 pounds each, and were worth about 5 cents a pound. They were taken without the consent of the witness.

Tom Saunders and Arthur Wainscott, two accomplices, testified that on the night of the 25th of January, 1906, the defendant went with them from Ponca City to the cemetery in a hack; that when they reached the cemetery, they drove inside and hitched the team; that their business was to get some hogs from a house south of the cemetery; that they did not get the hogs they expected to get, and then committed the theft for which defendant was upon trial. These witnesses gave a circumstantial account of the theft and the manner in which the stolen

property was disposed of. Wainscott testified that the parties named went to the place where the theft of the hogs was committed, in a hack of his own, and drove a horse belonging to him and a mare owned by defendant. Defendant admitted having such a mare, but denied all participation in the theft, and also denied that his mare was driven by Wainscott on the night of the theft.

B. M. Knowles testified that, some week or two before the theft of Van Fassen's hogs, he saw the defendant and Wainscott in a barn on premises near the home of witness; that no one lived on the place on which the barn was situated; that witness, seeing the door of the barn open, went to shut it, and found the above-named parties there. Their team and buggy were in the barn. On being asked as to their business there, they replied that they were out hunting, but did not state what they were hunting for. The parties said that they had entered the barn to feed their team. They drove away. The deserted barn at which the witness saw the defendant and Wainscott was not in the immediate neighborhood of Van Fassen, but it was in the same county, and in the same end of the county. The entire circumstances were well calculated to arouse suspicion as to their purpose and business. Witness could not tell whether the parties had fed their team or not.

Section 5497, Wilson's Rev. & Ann. St. 1903, is as follows:

"(5497) 361. A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

It will be seen that in order to warrant a conviction upon the testimony of an accomplice, it is not necessary for the corroborating evidence to connect the defendant with the offense. It is sufficient if it tends to do so.

This view was fully presented to the jury in the following instructions:

"(7) You are instructed that a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

The trial judge, and the jury doubtless placed the construction upon the testimony of Knowles that this defendant and Wainscott were then preparing to commit the offense of which defendant was found guilty, by hunting for, and locating, hogs to be afterwards stolen. While this evidence does not directly connect the defendant with the offense, yet this court cannot say that it does not have this tendency, and in view of the clear and direct testimony of the accomplices, we feel that the jury was authorized to convict the defendant. It is true that the defendant placed a number of witnesses on the stand to prove an alibi. The jury were properly instructed as to this defense. The jury saw all of the witnesses and heard their testimony, and were in a much better position to judge of their credibility than is this court. The trial judge also had a better opportunity than this court has to judge of these matters. The jury and the trial judge having found that there was corroborating evidence tending to connect the defendant with the commission of the offense, independent of that of the accomplices, this court cannot disturb the verdict of the jury and the judgment of the court, unless it can say that there is not in the record any testimony other than that of the accomplices which tends to connect the defendant with the commission of the offense. This we cannot say.

The judgment of the lower court is therefore in all things affirmed.

BAKER and DOYLE, JUDGES, concur.