William Carl RENFRO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–332.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1980.

---

Craig R. Tweedy, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Michael P. Kane, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant was convicted of Murder in the Second Degree in the District Court, Creek County, Case No. CRF–76–46. His punishment was fixed at ten (10) years to life imprisonment. On appeal, he complains of the denial of a continuance which he requested for time to prepare for trial, and challenges the sufficiency of the State's evidence.

I

The trial judge held a pretrial evidentiary hearing on the appellant's motion for a continuance. The basis of the motion was that the transcript of the preliminary hear-

ing had not been prepared as ordered. The testimony of the defense counsel and that of the court reporter were in sharp conflict as to what parts of the preliminary hearing were requested and at what time the request for the transcript had been made. The appellant's attorney claimed that on June 16, 1976, he requested a transcript at State expense. He said that his request was orally approved by the judge and that said approval was on the record being taken by the court reporter. (At that time a request for a transcript without a written order was deemed a proper procedure.) The attorney further asserted that he made repeated demands upon the court reporter for the transcript and repeatedly was promised a transcript, but that it was never delivered.

On the other hand, Brent Barnes, the court reporter, testified that the transcript had never been directed to be prepared at the expense of the State; but he did admit that three or four weeks before the trial defense counsel requested a transcript of the testimony of Frances Silvers, the State's principal witness. That portion of the trial transcript was delivered to defense counsel on the day of the trial.

After hearing the conflicting testimony, the trial judge denied the continuance.

■ We have recognized that an accused is entitled to a transcript of a preliminary hearing where it is needed for cross-examination of prosecuting witnesses. *Bryant v. State*, Okl.Cr., 471 P.2d 948 (1970). The accused is also entitled to a reasonable time to prepare for trial. *Riddle v. State*, Okl.Cr., 374 P.2d 634 (1962). However, a motion for a continuance is addressed to the sound discretion of the trial judge, and the ruling thereon will not be disturbed on appeal unless an abuse of discretion is apparent. *Hill v. State*, Okl.Cr., 567 P.2d 516 (1977); *Lamb v. State*, Okl.Cr., 560 P.2d 583 (1977).

■ The Court must consider the grounds on which the application is made, in light of the circumstances of the case. Here, the attorney was present at the pre-

liminary hearing and the tapes of that hearing were available, but not requested. In view of the apparent conflicts between the testimony of the court reporter and the defendant's attorney, it cannot be said that the trial court abused its discretion.

## II

The appellant attacks the sufficiency of the evidence presented against him at trial. The second alleged error concerns both the trial court's failure to sustain the appellant's demurrer and the jury instructions on circumstantial evidence. In this regard, the appellant argues that the State's case was constructed entirely of circumstantial evidence, but did not eliminate every reasonable possibility except that of guilt. The third alleged error is that the verdict is contrary to the weight of the evidence.

■ A demurrer to the evidence (properly called a motion for a directed verdict) admits for the sake of argument the facts which the State's evidence tends to prove. If there is any competent evidence reasonably supporting the allegations of the charge, the demurrer should not be sustained. *Speegle v. State*, Okl.Cr., 556 P.2d 1045 (1976). We have consistently held that where there is evidence from which the jury could conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there may be sharp conflicts in the evidence. See, for instance, *Sadler v. State*, 84 Okl.Cr. 97, 179 P.2d 479 (1947), and *Glover v. State*, Okl. Cr., 557 P.2d 922 (1976).

■ When the sufficiency of the evidence presented at trial is challenged on appeal, as it is here, the proper test is whether a prima facie case has been established. If that test is satisfied, then all questions of fact are for the jury to resolve. *Hunt v. State*, Okl.Cr., 601 P.2d 464 (1979), and *Anson v. State*, Okl.Cr., 269 P.2d 383 (1954). In reviewing the evidence to determine whether the State has established a prima facie case, we view the evidence in the light most favorable to the State. *Alderman v. Territory*, 1 Okl.Cr. 562, 98 P. 1026 (1909); *United States v. Curtis*, 537 F.2d 1091 (10th Cir. 1976).

In this case, the State clearly established a prima facie case. The State proved that the appellant and the victim lived together, and that on the night in question they and Ms. Silvers were together, drinking beer and playing pool. Ms. Silvers testified that when the Tulsa bar closed, they decided to go to a pool hall in Mannford. On the way they stopped at a convenience store and the two men went inside to get cigarettes. When they found the pool hall in Mannford closed, they drove to Keystone Lake. At some point along the shore, they stopped. The victim and appellant got out of the car and disappeared; the appellant later returned to the car alone. Then Ms. Silvers and the appellant left the lake and drove to Tulsa.

Ms. Silvers' testimony is corroborated in several respects. The three people were seen together during the evening, and they left the Watering Hole Bar together just before it closed. The clerk of the convenience store waited on a customer that night who "looked like" the appellant. She sold him an electric extension cord and a package of cigarettes—she believed Viceroys. An electric cord of the type and brand sold by the store was found on the lakeshore beside marks which indicated a body had been dragged into the lake. A pathologist said the victim was strangled, that the marks on his neck were of the right size to have been left by the extension cord, and that marks on the body indicated it had been dragged after death. When the body was found, there was an unopened package of Viceroy cigarettes in a pant pocket. Finally, the appellant was subsequently arrested at Ms. Silvers' home.

The appellant's arguments are based on inconsistencies in Ms. Silvers' testimony, and between her testimony and that of other witnesses, but that issue was for the jury to decide, as discussed above. The credibility of witnesses and the weight and value to be given their testimony is within the province of the jury, and they may believe one witness while discrediting several other witnesses. In *Newton v. State*, Okl.Cr., 516 P.2d 827 (1973), the ac-

cused also complained of inconsistencies in statements made by the complaining witness. We there rejected the argument as being a jury matter, and in the present case that holding is reaffirmed. At the trial in this case, the conflicts in the testimony were delineated during the trial and were stressed during closing argument. The jury weighed the evidence and returned a verdict. It must be allowed to stand.

The judgment of guilt and the sentence of ten (10) years to life imprisonment are *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.