Jimmy Lee BONNER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–488.

Court of Criminal Appeals of Oklahoma.

March 13, 1981.

Shoemake & Briggs, George G. Briggs, Pawhuska, for appellant.

Jan Eric Cartwright, Atty. Gen., Mary Bryce Leader, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from the judgment and sentence rendered against him in Kay County District Court Case No. CRF–78–64, wherein he was convicted by a jury of Robbery with Firearms, 21 O.S.Supp.1973, § 801, AFCF, and given twenty (20) years imprisonment, appellant, Jimmy Lee Bonner, urges as his sole assignment of error that the evidence was insufficient to support the verdict.

The evidence of the State established that appellant was the driver of an automobile used in the armed robbery of a drive-in theater in Kay County on April 18, 1978. Evidence of the following facts was adduced by the State: (1) Appellant backed the car into an alley near the drive-in; (2) a passenger, one Bennett, put a nylon stocking over his head, walked to the theater office where he committed the armed robbery, returned to the car and got back in whereupon appellant drove away; (3) a theater employee pursued appellant in a high speed chase punctuated by gunshots fired from appellant's vehicle; (4) appellant's car was rammed by the other, and came to a stop; (5) officers summoned to the scene found a gun and money in the abandoned car, and discovered appellant hiding in a trash can nearby.

Where the prosecution establishes a prima facie case, the evidence is not insufficient as a matter of law, and conflicts in the evidence are for the trier of fact. See *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

The evidence outlined above is clearly sufficient to make out a case against appellant as an aider and abettor, and hence a principal, in the armed robbery. See 21 O.S.1971, § 172. This assignment of error is without merit.

The judgment and sentence appealed from is accordingly

AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.