James Calvin JACKSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–780.

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1981.

Irvin Owen, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Calvin Jackson, was charged, tried and convicted in the District Court of Pottawatomie County, Case No. CRF–79–375, for the offense of Oral Sodomy, in violation of 21 O.S.1971, § 886. His punishment was set at ten (10) years' imprisonment, and he appeals.

In his first assignment of error the appellant contends that the trial court erred in denying his motion for continuance, in that he was forced to trial on May 5, 1980, with counsel that was appointed on April 9, 1980. This was the appellant's fourth appointed counsel. Further, the appellant requested, and was granted, numerous continuances, from January 8, 1980, the date set for the preliminary hearing.

In support of his argument that the denial of his motion for continuance deprived him of adequate time to prepare his defense, the appellant cites *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980), for the proposition that a reasonable time must be provided to the accused to prepare for trial. The question of reasonable time, however, is dependent upon the circumstances and is largely discretionary. *Riddle v. State*, 374 P.2d 634 (Okl.Cr.1962). The record before us does not demonstrate that the trial court abused its discretion in denying a continuance. This assignment of error is without merit.

As his final assignment of error, the appellant contends that the trial court erred in admitting into evidence a videotape of his confession, as it was prejudicial and inflammatory. The record indicates that an *in camera* hearing was held to determine the admissibility of the confession, at which time evidence was introduced to show that the appellant knowingly and intelligently waived his rights and understood the consequences. This Court has consistently held that it will not disturb a trial court's ruling which permits the introduction of a confession, if it is supported by sufficient evidence that the appellant knowingly and intelligently waived his rights and understood the consequences of such a waiver. *Castleberry v. State*, 522 P.2d 257 (Okl.Cr.1974); *Williams v. State*, 542 P.2d 554 (Okl.Cr.1975). We find that the evidence was sufficient to support the trial court's finding that the confession was voluntarily made. Therefore, this assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P. J., concurs.

CORNISH, J., not participating.