**Devon WINROW, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–382.**

Court of Criminal Appeals of Oklahoma.

May 8, 1982.

---

Don S. Bushong, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

From his conviction, in Pottawatomie County District Court, Case No. CRF–80–230, of Rape in the Second Degree, After Former Conviction of a Felony, the appellant, Devon Winrow, hereinafter referred to as the defendant, raises two (2) assignments of error.

In his initial assignment of error, the defendant argues that the trial court erred in overruling his motion for a directed verdict. He contends that the victim's testimony was so impeached by that of Argie Davis, a close friend of the victim's girlfriend, who testified that the victim had told her that if her girlfriend didn't quit seeing the defendant, a 33 year old black man, "she was going to holler rape," that the burden then shifted to the State to corroborate the victim's testimony, and that in the absence thereof, the trial court had a duty to sustain his motion. However, the defendant is not correct in his assertions; a review of the record reveals that the victim's testimony was sufficiently corroborated during the State's case-in-chief. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980).[1] There was scientific confirmation

---

1. In *Bruner*, we stated:
   ... [A] conviction for rape may be had on the uncorroborated testimony of the prosecutrix, or on slight corroboration, where the testimony of the prosecutrix is not inherently improbable or unworthy of credence. That rule has been limited to the extent that this Court will carefully examine the record to see that the evidence of the prosecutrix is clear and convincing and is not inconsistent, incredible, or contradictory.
       More recently, in *Gamble v. State*, 576 P.2d 1184 (Okl.Cr.1978), we said:

'... As was stated in *McComas v. State*, 75 Okl.Cr. 321, 131 P.2d 488 (1942), to authorize reversal of a conviction for rape on the grounds that the evidence is too inherently improbable to support a conviction, the improbability of the prosecutrix' testimony must arise from something other than just the question of her believability. The testimony must be of such contradictory and unsatisfactory nature, or the witness must be so thoroughly impeached, that the reviewing court must say that such testimony is clearly

that the fourteen year old victim had had sexual intercourse (acid phosphatase and the presence of chlorene in easily detected quantities was found to be present in the girl's vaginal cavity and on her panties). *Brumbelow v. State*, 488 P.2d 1298 (Okl.Cr. 1971). Further, the prosecutrix's younger brother testified that the defendant came to his house looking for the victim that night, saying his girlfriend wanted to talk to her, and that the girlfriend came by the house about an hour later looking for his sister, and left in a hurry when he told her that she was not home. This testimony was consistent with the victim's, and contrary to the defendant's and his girlfriend. We find that a prima facie case has been established by the State, and that the motion for a directed verdict was properly denied. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).[2]

▇ In his final assignment of error, the defendant claims that there was a break in the chain of custody of the evidence submitted to the Oklahoma State Bureau of Investigation, and therefore the evidence should have been excluded. We do not agree. The record demonstrates that the examining physician and the nurse who assisted him labeled the exhibits and gave them to a sheriff's deputy, who in turn placed them in envelopes, to which he affixed his signature, and gave the envelopes to the OSBI. There, two forensic chemists tested the evidence, and one of them, Mary Long, testified that the exhibits had been kept in her possession and had not been tampered with other than for the tests that had been run on them. Thus, the chain of custody was properly established and the

evidence properly admitted. See, *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980); and *Blades v. State*, 619 P.2d 875 (Okl.Cr.1979). Furthermore, the defendant failed to cite any authority in support of his argument. *Sandefur v. State*, 461 P.2d 954 (Okl.Cr. 1969). This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., concurs.

CORNISH, J., concurs in results.

---

unworthy of belief and insufficient as a matter of law to sustain a conviction. . . .'

**2.** A motion for a directed verdict admits for the sake of argument the facts which the State's evidence tends to prove. If there is any competent evidence reasonably supporting the allegations of the charge, the demurrer should not be sustained. *Speegle v. State*, 556 P.2d 1045 (Okl.Cr.1976). We have consistently held that where there is evidence from which the jury could conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there may be sharp conflicts in the evidence. See, *Sadler v. State*, 84 Okl.Cr. 97,

179 P.2d 479 (1947); and *Glover v. State*, 557 P.2d 922 (Okl.Cr.1976).

When the sufficiency of the evidence presented at trial is challenged on appeal, the proper test is whether a prima facie case has been established. If that test is satisfied, then all questions of fact are for the jury to resolve. *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979), and *Anson v. State*, 269 P.2d 383 (Okl.Cr.1954). In reviewing the evidence to determine whether the State has established a prima facie case, we view the evidence in the light most favorable to the State. *Alderman v. Territory*, 1 Okl.Cr. 562, 98 P. 1026 (1909); *United States v. Curtis*, 537 F.2d 1091 (10th Cir. 1976).