Roy Dean RAMSEYER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–511.

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1982.

Steven Dobbs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Division Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in Craig County District Court, Case No. CRF–79–88, of Murder in the First Degree, for shooting his wife, Betty Ramseyer, to death, the appellant, Roy Dean Ramseyer, who was sentenced to life imprisonment, argues that the evidence was insufficient to sustain the verdict of the jury.

The undisputed evidence was that on June 20, 1979, the appellant and his wife, Betty, became embroiled in a domestic argument. Gene Williams, the Chief of Police of the City of Vinita, went to the Ramseyer's residence at approximately 8:15 A.M., and counseled with the couple for about thirty (30) minutes. It was mutually decided that Mrs. Ramseyer would move from the residence and seek a divorce from the appellant; being satisfied that the domestic crisis had subsided, the Chief of Police then left.

Wilma Waters, the Ramseyer's next door neighbor, testified that at about 1:45 P.M., on the day in question, she heard three gunshots that emanated from the Ramseyer's home. She investigated, and found the appellant leaning over his wife with his arm under her head. The witness asked the appellant what had happened, and he responded "I did it, I did it, I did it." (Tr. 271). Mrs. Waters immediately returned to her house and called the police. Further, during cross-examination Mrs. Waters stated that there were pauses of a couple seconds between each gunshot.

Ralph Ramseyer, the twenty-one (21) year old son of the appellant, testified that

he arrived home around 2:00 P.M., on the date previously mentioned, after having gotten some boxes to put his step-mother's possessions in, and found his father leaning over "mom." His father told him to call an ambulance, and he obeyed. He asked the appellant what had occurred and the appellant responded. "I shot her." Further, the witness testified that the appellant had a gun in his hand, and stated, "... I am going to put it where they can't find it," and that he then hid the gun in the washing machine.

Testimony was given by three police officers that the appellant had voluntarily confessed to each one of them separately and independently, after having been read his Miranda rights which he said he understood, that he had shot his wife, because he was angry that she was going to leave him.

The appellant testified that he and his wife had both been drinking, and he had taken some "black mollies" on June 20, 1979, and they talked about their domestic situation. He said he did not remember the shooting, but did vaguely remember placing his .22 caliber pistol in the washing machine.

Medical testimony was received that the victim had been shot three times, twice just below the right rib cage and once in the hip, and due to said wounds she died.

A .22 caliber pistol, with three (3) empty shells in it, was recovered from the washing machine, after the appellant had told police that his daughter knew where the gun was located.

■ When confronted on appeal with an argument alleging the insufficiency of the evidence, this Court has repeatedly held that the test is whether a prima facie case has been established, and as long as that test is satisfied, fact questions are for the trier of fact to determine. *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979). In our determination, we view the entire record in the light most favorable to the State. *U.S. v. Peters,* 625 F.2d 366 (10th Cir.1980); *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980).

The appellant argues that a prima facie case was not established because the State failed to prove the element of malice aforethought, required by 21 O.S.1981, § 701.7. We do not agree.

■ The appellant's shooting of his wife not once but three times, pausing after each shot; the fact that he hid the murder weapon in the washing machine; admissions to the numerous witnesses, and the cumulative evidence was ample to sustain the verdict of the jury. Where, as here, there is competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, because it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Morris v. State,* 607 P.2d 1187 (Okl.Cr.1980). This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, P.J., concurs in result.