**Willie Lee ALLEN, Jr., a/k/a Willie Lee Allan, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-736.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Presiding Judge:

The appellant was convicted in Oklahoma County District Court, Case No. CRF-82-1054, of Murder in the First Degree, was sentenced to life imprisonment, and he appeals raising three assignments of error.

Briefly stated, testimony received at trial disclosed that on March 1, 1982, the decedent, Doris Jean Moore, out of fear that the appellant would kill her, ended her often stormy relationship with him and moved herself and her young daughter, Iesha, out of his home after having lived with him for several years. On March 4, 1982, at about 11:00 A.M., Gordon Benson, a long time friend of Ms. Moore and her family, drove her to a grade school in Oklahoma City to pick up Iesha. The appellant recognized the Benson vehicle in route to the school, although Ms. Moore "ducked down" in the car in an apparent attempt to avoid being seen by him. Allen followed them to the grade school, parked his car nearby, walked to Benson's vehicle and ordered Ms. Moore to get out of it, which she refused to do. The appellant retrieved a .22 caliber semi-automatic rifle from his car, and shot Ms. Moore, four times through the closed car window. He then turned to Benson and said, "You better go, because I'm fixing to start in on you, and finish you up next." Benson testified he hid behind a tree and Allen fired two times at him and then left. Ms. Moore died as a result of her wounds, and the appellant was apprehended in Dallas, Texas, in late May of 1982.

### I.

▪ As his first assignment of error, the appellant argues that the trial court erred in refusing to give his requested instructions on murder in the second degree. However, the language utilized by the appellant in his motion for new trial was insufficient to place the trial judge on notice of this alleged error, and failed to allow him an opportunity to cure it. See, *Nutter v. State*, 658 P.2d 492 (Okl.Cr.1983), and cases cited therein. Further, the record reflects that, although the appellant did voice some objection to the instructions, he did not object on the grounds he now asserts; rather, after making his objections, he stated he had no other objections to the instructions. The appellant has thus waived his right to allege this error on appeal. *Butler v. State*, 645 P.2d 1030 (Okl.Cr.1982), and cases cited therein.

▪ Moreover, even if this assignment of error had been properly preserved the facts do not support an instruction on murder in the second degree, as there was insufficient evidence presented for the trial to instruct under the provisions of 21 O.S. 1981, § 701.8. Instead, the facts amply supported the jury's findings that the appellant intended to kill her. See, *Ramseyer v. State*, 654 P.2d 1079 (Okl.Cr.1982), and cases cited therein.

### II.

▪ In his second assignment of error, the appellant alleges that the trial court erred when it allowed hearsay testimony into evidence over his objection. The complained of testimony was that of witness Benson who related that Ms. Moore had told him that she was fearful that the appellant would hurt her or her child if she continued to stay with him. Although we agree that Mr. Benson's testimony was hearsay, we find that it was admissible as an exception to the hearsay rule, pursuant to 12 O.S.1981, §§ 2804(A)(4) and 2803(3), which states in pertinent part:

§ 2803. Hearsay Exceptions; Availability of Declarant Immaterial

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

3. A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain and bodily health. . . .

Accordingly, the testimony was properly admitted.

Additionally, the appellant complains because no limiting instruction on the use of the hearsay evidence was given by the trial court. However, the record is void of any request for such an instruction at the trial level and, for the reasons stated in the first assignment of error, the appellant has not properly preserved this issue for review on appeal.

### III.

Next, in his final assignment of error, the appellant alleges that prosecutorial comments in the closing argument require reversal of this case. We have reviewed the complained of comments, some of which were invited by defense counsel, and find that the prosecutor's remarks were not such as to have swayed the verdict of the jury.

Finding no error which requires reversal or modification; the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.