**J.D. WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F-83-384.

Court of Criminal Appeals of Oklahoma.

June 25, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Vincent G. Logan, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, J.D. Williams, hereinafter referred to as the defendant, was convicted in Osage County District Court, Case No. CRF–82–24, of Shooting with Intent to Kill and was sentenced to twenty (20) years' imprisonment. He now appeals.

Herbert Humphrey, an employee of the Hominy Water Department, testified that on the morning of February 11, 1982, the defendant entered the Water Plant and accused him of spreading rumors that the defendant had engaged in criminal activity. A verbal confrontation followed, and the defendant threatened physical violence. Williams then left the scene, but returned a short time later with a shotgun. Humphrey stated that he then told Williams he thought that the dispute was settled to which the defendant replied. "Yeah, I'm going to settle it all right, I'm going to kill you."

The defendant then shot Humphrey in his left arm. As Humphrey was fleeing, a second blast struck his shoulder knocking him through the building's back door.

An employee on the scene, Lawrence Flourney, Jr., testified that he heard two shots and observed the defendant pointing the shotgun at Humphrey, as if he planned to fire a third time. Flourney, however persuaded the defendant not to shoot again.

Hominy's Chief of Police, Charles Crawford, and Bill Williams, an Osage County deputy sheriff, testified that the defendant told each of them on independent occasions that he meant to kill Humphrey.

On the defendant's behalf, he admitted firing the second shot, but asserted the first shot fired accidently. The defendant also maintained he had no intent to kill him.

Initially, the defendant contends that the evidence was insufficient to establish that he harbored the intent to kill. He asserts the evidence was wholly circumstantial and failed to exclude the theory that he intended only to injure Humphrey.

When confronted on appeal with an argument challenging the sufficiency of the evidence, this Court has held that the test is whether a prima facie case has been established. If the test is satisfied, then the jury is to resolve all questions of fact. *Ramseyer v. State*, 654 P.2d 1079 (Okl.Cr. 1982); *Hunt v. State*, 601 P.2d 464 (Okl.Cr. 1979), cert. den., 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). In our determination, we view the evidence in the light most favorable to the State. *Ramseyer*, supra, *Renfro v. State* 607 P.2d 703 (Okl. Cr.1980).

In this case, evidence that the victim was shot twice in the upper part of his body and the statements of Humphrey, Chief Crawford, and Deputy Sheriff Williams regarding the defendant's intent provided ample direct evidence, not merely circumstantial evidence as argued by defendant, upon which the jury could conclude the defendant harbored the requisite intent to kill. See, *Nichols v. State*, 418 P.2d 77 (Okl.Cr.1966). This assignment of error is without merit.

In another assignment of error, the defendant argues the prosecuting attorney made improper remarks during closing argument which deprived him of a fair trial. The record discloses, however, that most of the remarks of which the defendant now complains were not objected to at trial and

were thus not preserved for this Court's review. See, *Robison v. State*, 677 P.2d 1080 (Okl.Cr.1984); *Ellis v. State*, 652 P.2d 770 (Okl.Cr.1982).

The defendant also complains that the prosecutor improperly injected his opinion as to the defendant's intent when he made the following objected to comment: "When you fire at a man, you know, this is the kill zone anywhere from the waist up. When he fired at that man I think he intended to kill him." This Court finds the court's admonishment to the jury not to consider the remark cured any error. See, *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr. 1973).

Further, the defendant argues that the prosecutor went outside the record and appealed to the sympathy of the jury by referring to additional evidence regarding the extent of Humphrey's injuries which was not presented to the jury.[1] We find that the trial court properly sustained defense counsel's objections and that the subsequent admonishment to the jury cured any error that may have occurred. See, *Kitchens v. State*, supra. Thus, this assignment of error is without merit.

The defendant maintains in his final assignment of error that the trial court committed reversible error in failing to instruct the jury on the proper consideration of circumstantial evidence. By failing to submit his own instructions and by failing to object to those given at trial, the defendant has not properly preserved the issue for appeal. See, *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981); *Luckey v. State*, 529 P.2d 994 (Okl.Cr.1974). Moreover, since the evidence was not entirely circumstantial, the trial court properly did not give the instruction of which the defendant complains. *Miller v. State*, 675 P.2d 453 (Okl.Cr.1984).

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.

---

1. The record reveals the following:

MR. STUART: He's thirty years old, he may live another 40 or 45 years. But, for 40 or 45 years he's going to carry what buckshot and what wounds he's got that they couldn't dig out of him. This is what they dug out of him, they dug two waddings out. There's two waddings in there. They dug a little buckshot out, but he's still carrying a bunch of it with him.
MR. BRIGGS: Judge, I'm sorry, but I don't understand that to be in evidence from Dr. Hudson with regard to buckshot still in him or anything in regard to that.
MR. STUART: Your Honor, I apologize if that didn't—in talking with other doctors I may put that in.
MR. BRIGGS: I understand that this exhibit went down to the O.S.B.I. and be certain of buckshot whether it was used to examine or compare with other buckshot and it may not be all that was sent down there, Judge, so we don't have any evidence—
THE COURT: Very well, sir, Mr. Stuart is corrected.
MR. STUART: I apologize if I mix up what I know with what actually came in, Judge.
MR. BRIGGS: We object to what he knows. He doesn't know that he knows that, there is

no evidence on this stand concerning that. (Tr. 255).

\* \* \* \* \* \*

THE COURT: That's what he said, doesn't want that to go to the jury.
MR. BRIGGS: I know, but he just said I apologize on maybe just what I know and not what came from the witness stand. We move for mistrial, Your Honor, by reason of the misconduct of the State.

\* \* \* \* \* \*

THE COURT: I think that was an explanation as invited so therefore respectfully deny your motion. (Tr. 256).

\* \* \* \* \* \*

MR. STUART: [I] don't know what to recommend to you as far as the sentence goes. I know that this man is probably going to suffer for another 40 years. He's going to—
MR. BRIGGS: Judge, I'm sorry, we object to that, he doesn't know any such thing, no one has suggested it, no testimony has come from this stand. Your Honor, we object to counsel for the State making all these statements of what he knows, it's not in evidence.
THE COURT: Be sustained, the Jury consider what's in evidence only. (Tr. 257).