**William Joseph YATES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 0–85–448.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

In October 1983, William Joseph Yates, the appellant, received concurrent suspended sentences of two (2) years' imprisonment after being convicted of Possession of a Controlled Dangerous Substance, (PCP), and Larceny of Merchandise from a Retailer. In July, 1984, the appellant was again arrested for Possession of a Controlled Dangerous Substance, (PCP), and for Driving Under the Influence. After his convictions for these offenses, the State filed its

Motion in the District Court of Oklahoma County asking that the suspended sentences from appellant's 1983 convictions be revoked. After a hearing, the District Court granted the State's motion. The appellant now appeals.

As his sole proposition of error, the appellant states that the trial court was without jurisdiction to revoke the appellant's sentences because the hearing was held well outside 20 days of his July, 1984, arrest. See 22 O.S.1981, § 991b.

 Our cases make it clear that the twenty day statutory hearing requirement after arrest, refers to the arrest pursuant to the State's Application to Revoke the suspended sentence and not to an arrest on a charge which is the basis for that motion. *Bradfield v. State*, 648 P.2d 1239 (Okl.Cr. 1982); *Wilson v. State*, 621 P.2d 1173 (Okl. Cr.1980). The record shows that the arrest warrant in this case was issued on July 26, 1984, and the appellant was arrested pursuant to the revocation motion on July 30, 1984. He was arraigned and a hearing was scheduled for August 8, 1984, which is well within the 20 day time period. The record further shows, however, that no less than five (5) continuances were ordered and that the final hearing was not held until January 31, 1985. The record is incomplete in this regard because we are not told at whose request these continuances were granted. The appellant implies, however, that this is irrelevant and the only relevant consideration is that six months passed between his arrest and his hearing on the motion to revoke.

We note also that the record is devoid of any objection by the appellant to these various continuances. Nor do any motions, objections, or other challenges to the trial court's jurisdiction appear in the record. Appellant simply argues on appeal that this delay violates his due process rights. More accurately stated, the appellant's argument is based on the premise that the trial court erred in granting these numerous continuances.

Due process is met in a revocation hearing if the proceeding is fundamentally fair. *Bradfield v. State, supra; Degraffenreid*

*v. State*, 599 P.2d 1107 (Okl.Cr.1979). A motion for continuence is addressed solely to the trial court's sound discretion. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). A ruling on such will not be disturbed without a showing of abuse of discretion. *Nobles v. State*, 668 P.2d 1139 (Okl.Cr.1983). The record does show that the appellant changed counsel at least once during this time frame. We can therefore infer that at least one, if not all, of these continuances were granted at his request.

Applying the above rules to this case and because no alleged error has been preserved for appeal, see *Wright v. State*, 559 P.2d 852 (Okl.Cr.1977); *Woods v. State*, 526 P.2d 944, 950 (Okl.Cr.1974), the order revoking appellant's suspended sentences is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.