2017 OK CR 2

**William Hurshel SMILEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**Case Number: RE–2015–233**

Court of Criminal Appeals of Oklahoma.

Decided: 01/23/2017

APPEARANCES AT TRIAL, William Foster, Assistant Public Defender, 611 Count Office Building, 320 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102, COUNSEL FOR APPELLANT

Nikki Kirkpatrick, Assistant District Attorney, 505 Count Office Building, 320 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102, COUNSEL FOR THE STATE

APPEARANCES ON APPEAL, Andrea Digilio Miller, Appellate Defense Counsel, P.O. Box 926, Norman, Oklahoma 73070, COUNSEL FOR APPELLANT

E. Scott Pruitt, Attorney General of Oklahoma, Keeley L. Miller, Assistant Attorney General, 313 N.E. 21st Street, Oklahoma City, OK 73105, COUNSEL FOR THE STATE

## SUMMARY OPINION

LUMPKIN, PRESIDING JUDGE:

¶ 1 Appellant was charged on April 5, 2013, with Count 1—Aggravated Eluding a Police Officer and Count 2—Escape from Custody in Oklahoma County District Court Case No. CF–2013–2130. On June 24, 2013, Appellant, represented by counsel Brigitte Biffle, entered a plea of guilty. Count 2 was dismissed and Appellant was convicted on Count 1 and sentenced to eight years imprisonment, with all but the first sixty days suspended.

¶ 2 On October 15, 2014, the State filed an Application to Revoke Suspended Sentence alleging Appellant failed to report as directed, pay supervision fees, pay court costs and committed the new crime of Domestic Abuse by Strangulation, as alleged in Oklahoma County District Court Case No. CF–2014–5994. Appellant was arraigned on the application on October 28, 2014, and waived his right to have it heard within twenty days. On December 17, 2014, the State filed an Amended Application to Revoke Suspended Sentence further alleging Appellant: used illegal drugs; failed to complete First Step Rehabilitation Program; committed the new crime of Preventing a Witness from Testifying, as alleged in Oklahoma County District Court Case No. CF–2014–8567; committed the new crime of Domestic Abuse (Assault and Battery), as alleged in Oklahoma County District Court Case No. CF–2014–8567; and committed the new crime of Violation of a Protective Order, as alleged in Oklahoma County District Court Case No. CF–2014–8567. Following a January 20, 2015 revocation hearing, the Honorable Glenn M. Jones, District Judge, found Appellant had violated the rules and conditions of his probation and revoked Appellant's remaining suspended sentence in full.

¶ 3 From this revocation order, Appellant appeals and raises the following proposition of error:

1. Due Process was violated when the court failed to arraign Mr. Smiley following the filing of the amended application to revoke thereby denying him the opportunity to stand on his statutory right to have a revocation hearing within twenty (20) days.

The revocation of Appellant's suspended sentence is **AFFIRMED**.

¶ 4 In his sole proposition of error on appeal, Appellant argues this revocation should be dismissed because the state did not arraign him on the amended application to revoke. He argues that while he did waive the twenty—day requirement with regard to the application as originally filed, he did not waive it with regard to the amended application. Appellant claims the State was required to arraign him on the amended application and secure his waiver of the twenty-day requirement again or else hold a hearing on the amended application within twenty days of its filing.

¶ 5 The District Court loses jurisdiction of an application for revocation of a suspended sentence where the hearing is not held within twenty days of entry of a not guilty plea to the revocation petition, absent a valid waiver of a timely hearing. 22 O.S.Supp.2012, § 991b(A). The record establishes that Appellant was arraigned on the application to revoke, entered a plea of not guilty and waived the twenty-day requirement within twenty days of Appellant's plea of not guilty. *See Grimes v. State,* 2011 OK CR 16, 251 P.3d 749; *Yates v. State,* 1988 OK CR 179, 761 P.2d 878. Thus, according to Section 991b(A), the twenty-day period was not violated. Appellant cites no controlling authority, and we find none, for the claim that a second waiver of the twenty-day rule must be entered upon the filing of an amended application to revoke.

¶ 6 When a probationer has waived the requirement that the revocation hearing be held within twenty days, and an amended application to revoke is filed, a probationer shall be given sufficient notice and shall be allowed a reasonable amount of time to prepare a defense. This requirement was satisfied in this case. The amended application was filed on December 17, 2014, and the revocation hearing was held on January 20, 2015. Thirty four days is a more than reasonable period of time to prepare a defense to an amended application to revoke.

## DECISION

¶ 7 The revocation of Appellant's suspended sentence in Oklahoma County District Court Case No. CF–2013–2130 is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), the **MANDATE** is **ORDERED** issued upon the filing of this decision.

LEWIS, V. P.J.: Concur

JOHNSON, J.: Concur

SMITH, J.: Concur

HUDSON, J.: Concur