OSCN Found Document:SMILEY v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SMILEY v. STATE
2017 OK CR 2
Case Number: RE-2015-233
Decided: 01/23/2017
WILLIAM HURSHEL SMILEY, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2017 OK CR 2, __ __

 



 





SUMMARY OPINION







LUMPKIN, PRESIDING JUDGE:



¶1 Appellant was charged on April 5, 2013, with Count 1 - Aggravated Eluding a Police Officer and Count 2 - Escape from Custody in Oklahoma County District Court Case No. CF-2013-2130. On June 24, 2013, Appellant, represented by counsel Brigitte Biffle, entered a plea of guilty. Count 2 was dismissed and Appellant was convicted on Count 1 and sentenced to eight years imprisonment, with all but the first sixty days suspended.


¶2 On October 15, 2014, the State filed an Application to Revoke Suspended Sentence alleging Appellant failed to report as directed, pay supervision fees, pay court costs and committed the new crime of Domestic Abuse by Strangulation, as alleged in Oklahoma County District Court Case No. CF-2014-5994. Appellant was arraigned on the application on October 28, 2014, and waived his right to have it heard within twenty days. On December 17, 2014, the State filed an Amended Application to Revoke Suspended Sentence further alleging Appellant: used illegal drugs; failed to complete First Step Rehabilitation Program; committed the new crime of Preventing a Witness from Testifying, as alleged in Oklahoma County District Court Case No. CF-2014-8567; committed the new crime of Domestic Abuse (Assault and Battery), as alleged in Oklahoma County District Court Case No. CF-2014-8567; and committed the new crime of Violation of a Protective Order, as alleged in Oklahoma County District Court Case No. CF-2014-8567. Following a January 20, 2015 revocation hearing, the Honorable Glenn M. Jones, District Judge, found Appellant had violated the rules and conditions of his probation and revoked Appellant's remaining suspended sentence in full.


¶3 From this revocation order, Appellant appeals and raises the following proposition of error:




1. Due Process was violated when the court failed to arraign Mr. Smiley following the filing of the amended application to revoke thereby denying him the opportunity to stand on his statutory right to have a revocation hearing within twenty (20) days.




The revocation of Appellant's suspended sentence is AFFIRMED.


¶4 In his sole proposition of error on appeal, Appellant argues this revocation should be dismissed because the state did not arraign him on the amended application to revoke. He argues that while he did waive the twenty- day requirement with regard to the application as originally filed, he did not waive it with regard to the amended application. Appellant claims the State was required to arraign him on the amended application and secure his waiver of the twenty-day requirement again or else hold a hearing on the amended application within twenty days of its filing.


¶5 The District Court loses jurisdiction of an application for revocation of a suspended sentence where the hearing is not held within twenty days of entry of a not guilty plea to the revocation petition, absent a valid waiver of a timely hearing. 22 O.S.Supp.2012, § 991b(A). The record establishes that Appellant was arraigned on the application to revoke, entered a plea of not guilty and waived the twenty-day requirement within twenty days of Appellant's plea of not guilty. See Grimes v. State, 2011 OK CR 16, 251 P.3d 749; Yates v. State, 1988 OK CR 179, 761 P.2d 878. Thus, according to Section 991b(A), the twenty-day period was not violated. Appellant cites no controlling authority, and we find none, for the claim that a second waiver of the twenty-day rule must be entered upon the filing of an amended application to revoke.


¶6 When a probationer has waived the requirement that the revocation hearing be held within twenty days, and an amended application to revoke is filed, a probationer shall be given sufficient notice and shall be allowed a reasonable amount of time to prepare a defense. This requirement was satisfied in this case. The amended application was filed on December 17, 2014, and the revocation hearing was held on January 20, 2015. Thirty four days is a more than reasonable period of time to prepare a defense to an amended application to revoke.


DECISION


¶7 The revocation of Appellant's suspended sentence in Oklahoma County District Court Case No. CF-2013-2130 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2017), the MANDATE is ORDERED issued upon the filing of this decision.


REVOCATION APPEAL FROM THE DISTRICT COURT OF OKLAHOMA
COUNTY, THE HONORABLE GLENN M. JONES, DISTRICT JUDGE


 




 
 

 

 
APPEARANCES AT TRIAL

 
William Foster
 Assistant Public Defender
 611 Count Office Building
 320 Robert S. Kerr Avenue
 Oklahoma City, Oklahoma 73102
 COUNSEL FOR APPELLANT

 
Nikki Kirkpatrick
 Assistant District Attorney
 505 Count Office Building
 320 Robert S. Kerr Avenue
 Oklahoma City, Oklahoma 73102
 COUNSEL FOR THE STATE
 
 

 
APPEARANCES ON APPEAL

 
Andrea Digilio Miller
 Appellate Defense Counsel
 P.O. Box 926
 Norman, Oklahoma 73070
 COUNSEL FOR APPELLANT

 

 E. Scott Pruitt
 Attorney General of Oklahoma
 Keeley L. Miller
 Assistant Attorney General
 313 N.E. 21st Street
 Oklahoma City, OK 73105
 COUNSEL FOR THE STATE
 
 
 




 




OPINION BY:, LUMPKIN, P.J.
LEWIS, V. P.J.: Concur
JOHNSON, J.: Concur
SMITH, J.: Concur
HUDSON, J.: Concur



 



 








 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 179, 761 P.2d 878, YATES v. STATE
Discussed
 2011 OK CR 16, 251 P.3d 749, GRIMES v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991b, Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Cited