SEARS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SEARS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SEARS v. STATE
2019 OK CR 8
Case Number: RE-2017-1128
Decided: 05/16/2019
ELIZABETH KAY SEARS, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 8, __ __

 

 

SUMMARY OPINION

KUEHN, VICE PRESIDING JUDGE:

¶1 Appellant appeals from the revocation of her suspended sentence in Logan County District Court Case No. CF-2013-295, by the Honorable Louis A. Duel, Associate District Judge.

¶2 On January 14, 2014, Appellant entered a plea of guilty to two counts of Child Neglect, in violation of 21 O.S.2011, § 843.5(C) (Counts 1-2), and one count of Harboring a Fugitive, in violation of 21 O.S.2011, § 440 (Count 4). Appellant was convicted and sentenced to eight years imprisonment for each count, with all but the first three years suspended. On October 3, 2014, Judge Duel modified Appellant's sentence to five years imprisonment for each count, with all five years suspended. The sentences were ordered to be served concurrently.

¶3 On December 29, 2016, the State filed a 2nd Amended Motion to Revoke Suspended Sentence alleging Appellant committed several probation violations including the new crimes of Count 1 -- Second Degree Burglary and Count 2 -- Possession of Paraphernalia as alleged in Logan County District Court Case No. CF-2016-404.

¶4 On January 26, 2017, Appellant appeared before the trial court, represented by counsel, and was arraigned on the application to revoke and entered a plea of not guilty. Appellant requested, and was granted, a continuance and was ordered to reappear on February 23, 2017. The hearing on the motion to revoke in this case was heard on October 25, 2017.[1] After hearing the evidence and arguments, Judge Duel revoked Appellant's five-year suspended sentences in full.

¶5 Appellant argues in her first proposition this revocation order should be reversed and dismissed. According to Appellant, no valid waiver of the twenty day hearing requirement occurred within twenty days of her plea of not guilty which she alleges is required pursuant to 22 O.S.Supp.2016, § 991b(A). Specifically, she maintains because the record does not explicitly establish she was informed of the 20-day requirement this motion to revoke must be dismissed.

¶6 Appellant requested and was granted a continuance of her revocation hearing date. This Court held in Grimes "a defendant cannot acquiesce in the delay of a hearing and/or participate in the continuance of a hearing and then claim that he is entitled to relief because the court did not abide by the 20-day time limitation." Grimes v. State, 2011 OK CR 16, ¶ 7, 251 P.3d 749, 753 (citing Yates v. State, 1988 OK CR 179, ¶¶ 2-5, 761 P.2d 878, 879). Appellant does not allege her revocation counsel was ineffective. Revocation counsel is presumed to be competent. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). As a result, we presume Appellant's revocation counsel was aware of the consequences associated with requesting a continuance in this case. See Grimes, 2011 OK CR 16, ¶¶ 7-8, 251 P.3d at 753.

¶7 In her second proposition of error, Appellant seeks an order clarifying the trial court's revocation order in this case. Appellant argues the trial court's grant of credit for time served incorrectly stated the amount of time Appellant has served. While the State acknowledges the trial court may have misspoke regarding the amount of time to be credited for time served, this issue has not been presented to Judge Duel to allow him to correct any error made before asking this Court to intervene. See Grimes v. State, 2011 OK CR 16, ¶ 21, 251 P.3d 749, 755. In Grimes this Court held "[a]bsent a determination by the District Court, this Court will not assume jurisdiction of an extraordinary writ, especially in a revocation appeal where our review is limited to whether or not the District Court abused its discretion in revoking all or part of a defendant's suspended sentence." Id.

¶8 However, we will no longer require an appellant to file an additional pleading in the trial court to have this claim addressed. Finding no obvious clerical error, this matter is REMANDED to the District Court of Logan County with instructions to address Appellant's request for issuance of an order nunc pro tunc as presented in Proposition II of this appeal. To the extent this opinion is inconsistent with the procedure followed by Grimes and similar cases, Grimes and any other case requiring an appellant to file a separate pleading in the trial court to address this issue are modified to reflect this change in procedure.

DECISION

¶9 The revocation of Appellant's suspended sentence in Logan County District Court Case No. CF-2013-295 is AFFIRMED and REMANDED for proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF LOGAN COUNTY
THE HONORABLE LOUIS A. DUEL, ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT REVOCATION
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 LANE FITZ
 4101 N. CLASSEN BLVD., STE.A
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR DEFENDANT
 
 
 LISBETH L. MCCARTY
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 EMILY KIRKPATRICK
 ASST. DISTRICT ATTORNEY
 301 E. HARRISON
 GUTHRIE, OK 73044
 COUNSEL FOR STATE
 
 
 MIKE HUNTER
 OKLA. ATTORNEY GENERAL
 THEODORE M. PEEPER
 ASST. ATTORNEY GENERAL
 313 N.W. 21st STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY: KUEHN, V.P.J.
LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Following Appellant's failure to appear and comply with trial court orders, as well as continuances being granted to both parties, this application to revoke was set for hearing on October 25, 2017.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 179, 761 P.2d 878, YATES v. STATE
Discussed
 2011 OK CR 16, 251 P.3d 749, GRIMES v. STATE
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Cited
 21 O.S. 440, Harboring a Fugitive - Penalty - Aiding a Sex Offender - Penalty
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 991b, Revocation in Whole or in Part of Suspended Sentence - Hearing - Review
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA