Larry David LEWIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-85-153.

Court of Criminal Appeals of Oklahoma.

June 30, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

This is an appeal from an order revoking a suspended sentence.

Appellant, Larry David Lewis, was convicted on September 9, 1983, on a plea of guilty in the District Court of Carter County, Case No. CRF–83–283, of four counts of Uttering a Forged Instrument. Appellant was sentenced to three (3) years' imprisonment on each of the counts to be served consecutively. The court then suspended the sentence on all but the first count on certain conditions imposed by the court and made part of the record.

On June 4, 1984, the State filed an application to vacate the order suspending execution of the sentence on the ground that the appellant had committed the crime of uttering a forged instrument on May 26, 1984. A hearing was held on the application on September 26, 1984, with the appellant present and represented by counsel. Upon completion of the hearing, the trial court revoked the suspended sentence and sentenced the appellant to three (3) years' imprisonment on each of the three counts to run consecutively.

Appellant urges this Court to find the evidence was insufficient to justify revocation of his suspended sentence. We find the evidence was sufficient and, therefore, affirm the trial court.

On May 26, 1984, appellant was a passenger in a pickup truck at a drive-through teller lane at the American National Bank in Ardmore, Oklahoma. A check in the amount of one thousand dollars made payable to Ty Lewis, the appellant's father, and apparently endorsed by him was presented. The apparent maker of the check was a Benny Humphrey. The record is silent as to whether the appellant or the driver of the pickup truck placed the check in the vacuum tube in the drive-through lane.

The teller remembers talking with the appellant through the speaker about the somewhat unusual transaction. A piece of paper presented with the check instructed the teller to deposit five hundred dollars in the account of Ty Lewis and to return five hundred dollars cash. The paper instructed the teller as to what bill denominations should be tendered. When the teller discovered the bill denominations added up to only four hundred eighty dollars, she asked the appellant whether she should return four hundred eighty dollars or five hundred dollars. The appellant leaned across the driver to discuss the situation. The teller's entire conversation was with the appellant. He instructed her to return five hundred dollars. The teller then conferred with another teller and decided to deposit five hundred dollars and return five hundred dollars. She placed an envelope containing five hundred dollars in cash in the vacuum tube and saw the driver of the pickup truck hand the envelope to the appellant. The next day the bank president advised the tellers the check was a forged instrument. Both of the tellers involved in this transaction identified the appellant as the passenger who discussed the transaction.

Ty Lewis, the appellant's father, testified he had never seen and did not endorse the check. Benny Humphrey testified that the account on which the check was drawn had been closed several years earlier when he and his wife divorced. He also testified the signature on the check was not his.

We find no merit to appellant's contention that the evidence was insufficient to support revocation. The decision to grant or revoke probation lies within the sound discretion of the trial court. Where, as here, the trial court has complied with statutory requirements and considerations of fundamental fairness, this Court will not disturb the trial court's decision. *Fain v. State*, 503 P.2d 254 (Okl.Cr.1972).

The violation of the conditions of a suspended sentence need only be shown by a preponderance of the evidence. *Barthiume v. State*, 549 P.2d 366 (Okl.Cr. 1976). This Court is satisfied that this burden was met. Under 21 O.S.1981, § 1592, the State must prove that the appellant either offered for acceptance a forged instrument with an intent to defraud or aided and abetted another in such attempt, 21 O.S.1981, § 172; *Johnson v. State*, 564 P.2d 664 (Okl.Cr.1977). While the record is silent as to who placed the check in the vacuum tube, the fact that appellant discussed the transaction in detail with the teller supports by a preponderance of testimony that the appellant committed overt acts in the furtherance of the crime of uttering a forged instrument.

In his second assignment of error, appellant argues that the State failed to show he possessed the requisite intent to defraud. Appellant bases this argument on the fact that in the past he had committed three similar acts regarding his father's bank account and in each case his father made restitution in order to prevent charges from being filed. Past acts of restitution by others do not negate appellant's fraudulent intent in the instant case. This Court finds appellant's argument is without merit.

Having considered appellant's contentions and finding them without merit, we conclude that the order of revocation should be, and is hereby, AFFIRMED.

BUSSEY and PARKS, JJ., concur.