**Michael Shannon McQUEEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 0–85–154.**

Court of Criminal Appeals of Oklahoma.

July 28, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Michael Shannon McQueen, was convicted in the District Court of Carter County of the crime of Robbery with a Dangerous Weapon in Case No. CRF-83-269 and was sentenced to eight (8) years imprisonment, with three (3) years suspended. Subsequently, at the one-hundred and twenty (120) day hearing, on May 23, 1984, the trial court entered an order suspending the entire eight (8) year sentence. At the revocation hearing the State introduced evidence as to four (4) grounds of violation of the conditions of probation: (1) using drugs; (2) failing to perform community service as ordered; (3) missing a TASC appointment; and (4) committing the crime of Driving Under the Influence. At the conclusion of the hearing, the trial court entered an order revoking appellant's entire eight (8) year sentence.

■ For his first assignment of error appellant asserts that the trial court abused its discretion in revoking his sentence in that the evidence was insufficient to support the revocation. The evidence at the revocation hearing showed that appellant admitted using marijuana to his TASC case manager and to his probation officer. Also, his admission was verified by laboratory analysis. Revocation is proper even if only one violation is shown by a preponderance of the evidence. *Chambers v. State*, 649 P.2d 795 (Okl.Cr.1982). However, after reviewing the record, we find that all four violations were proved by a preponderance of the evidence. Therefore, this assignment of error is meritless.

■ Appellant next contends that the trial court erred in admitting testimony and evidence of drug use when said testimony was based on urine samples and there was an inadequate chain of custody shown as to those urine samples. We are of the opinion, however, that there is no chain of custody problem in this case. Moreover, appellant admitted to his case manager and probation officer that he had smoked marijuana. The violation was proved by a preponderance of the evidence even without the laboratory analysis. We find no error.

In his third assignment of error appellant contends that the trial court improperly extended the original sentence imposed upon him. He asserts that the original sentence imposed was an eight (8) year sentence with three (3) of the years suspended, but that the trial court subsequently entered an order suspending all of the confinement. Therefore, he claims that the trial court was without authority to enter an order revoking the entire suspension of the sentence. Appellant maintains that the effect of revoking the latter order should have been to reinstate the prior order. We disagree.

■ The revocation of the full sentence was not an imposition of an entirely new sentence or an extension of the original sentence, but rather was simply a change in the combination of time to serve and time on suspension. The appellant concedes, in his brief, that the nature of the sentence may be changed and cites no authority to the contrary. Therefore, there is no error.

As his final assignment of error appellant alleges that he was denied due process of law because of the trial court's failure to make written statements of the evidence relied on and reasons why revocation is preferable to continued probation. The

United States Supreme Court has held that in a revocation proceeding the due process clause of the Fourteenth Amendment requires a written statement by the fact-finders as to the evidence relied on and reason for revoking probation or parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). However, in *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the Supreme Court held that a memorandum prepared by the sentencing court along with a transcript of the hearing was sufficient. See also, *Mack v. State*, 637 P.2d 1262 (Okl.Cr.1981).

 In the instant case, although the trial judge made no written statement expressly detailing the reasons for his actions, the judge did explain the reasons for his actions:

> [B]ut since we were talking about drugs in the first place, that's what caused the crime and Mr. McQueen was so insistent that he had been completely cured of that habit, and he realized there was test designed—requiring him to report each week to be sure he was complying with that and if he couldn't, to let us know at least so that we could help him in some way, but it appears to me that he just didn't accept this—this extraordinary opportunity that was afforded him in the same spirit in which it was offered. I can't believe at this time that he really was committed to being a good and law-abiding citizen and abiding by the court's rules and terms of the probation.
>
> [I] mean I should forgive this now, what more would it take? How much more lenience should we show? Should we wait until he commits another armed robbery? I don't want to tak [sic] that chance. As bad as I feel about it and as disappointed as I am that Mr. McQueen didn't truly appreciate the extraordinary favor that he received from this court and I'm not willing to take any further risk—any further chance and I'm going to grant the State's motion to revoke the order suspending the sentence.

The trial court's decision is strongly supported by the evidence presented at the revocation hearing and there exists an ade-quate basis for review as required by *Black.* This assignment of error is meritless.

Accordingly, the order of the District Court revoking the appellant's suspended sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.