Willie R. PATTERSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–86–329.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1987.

Stephen Louis Hilliary, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Willie R. Patterson, entered a plea of guilty, on October, 30, 1985, in the District Court of Comanche County to the crime of Driving Under the Influence of Intoxicating Liquor in Case No. CRM–85–74 and was sentenced to serve a term of one (1) year in the County Jail with all but ninety (90) days suspended, plus restitution of one thousand eight hundred dollars ($1,800) and ordered to attend meetings at the Taliaferro Mental Health Center (T.M.H.C.). On December 3, 1985, the State filed an Application to Revoke Suspended Sentence alleging that appellant did not pay restitution and did not attend the treatment meetings. At the revocation hearing on December 18, 1985, appellant stipulated to the fact that restitution had not been paid as ordered by the court but disputed his failure to attend the meetings. At the conclusion of the hearing, the trial court revoked the remainder of appellant's sentence and ordered appellant to pay the restitution on or before the date of his release from custody.

■ For his first assignment of error appellant asserts that the trial court erred in revoking his suspended sentence because there was insufficient evidence of any violations of the terms of his probation except for non-payment of restitution. We disagree. This Court has repeatedly held that violations of the conditions of a suspended sentence need only be shown by a preponderance of the evidence. *Caudill v. State*, 637 P.2d 1264 (Okl.Cr.1981). As previously stated, appellant stipulated that he never made any restitution payments, and he never made any attempt to explain this failure. Additionally, Mr. Glen Mayes, appellant's counselor at T.M.H.C., testified that appellant attended the first meeting, on November 19, 1985, but did not attend the next four (4) meetings, and then attended the meeting on December 5, 1985, after the State filed the revocation application. The court had before it competent evidence which was sufficient to justify the revocation, and therefore this assignment of error is without merit.

■ Next, appellant contends that since the State did not prove he deliberately failed to make restitution, his suspended sentence should not have been revoked. Initially, we observe that the State proved that appellant failed to attend the meetings at the T.M.H.C.; therefore, that ground alone is sufficient to warrant revocation. Moreover, in *Houston v. State*, 591 P.2d 310, 312 (Okl.Cr.1979), this Court adopted the language of *State v. Gerard*, 57 Wis.2d 611, 205 N.W.2d 374 (1973) which stated that:

> In this case, when the defendant had the ability to pay at least something and refused to avail himself of his alternatives, or refused to even attempt to comply with probation conditions without a showing of reasonable excuse, he became in the eyes of the law exactly the same as the contumacious offender who is not indigent.

The responsibility to provide a reasonable excuse to the court for not paying restitution is upon the appellant. The State is not required to prove that appellant deliberately failed to pay. Since appellant stipulated to the non-payment of the restitution and offered no reason for his failure to pay, we find that the State proved, by a preponderance of the evidence, that appellant failed to make restitution.

The order of the trial court revoking appellant's suspended sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.