**Anthony Earl FLEMING, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. O–85–565.**

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On January, 3, 1983, the appellant, Anthony Earl Fleming, pled guilty to a charge of Knowingly Concealing and Withholding Stolen Property in the District Court of Comanche County Case No. CRF–82–895. He was given a suspended sentence of five

(5) years imprisonment. Two years later, on January 8, 1985, Fleming was arrested on a charge of Burglary in the Second Degree, Comanche County District Court Case No. CRF–85–16. An application to revoke the suspended sentence was subsequently filed in District Court on January 9, 1985, because of appellant's arrest on the Burglary charge. The appellant waived his right to a hearing within twenty days, as specified by 22 O.S.1981, § 991b. Instead, his hearing was held on March 14, 1985, in Comanche County District Court Case No. CRF–82–895, prior to his trial on the Burglary charge. At the conclusion of the hearing the court revoked Fleming's suspended sentence, and he now appeals that revocation.

In the interim, Fleming has been convicted of the Burglary charge in Case No. CRF–85–16. His sentence was enhanced because of his 1983 Felony conviction. He has since perfected an appeal of that latest judgment and sentence to this Court in Case No. F–85–731.

As his first assignment of error in this appeal, the appellant argues that there was insufficient evidence to support revocation of his suspended sentence. We disagree.

The prosecution, at a revocation hearing, need only show by a preponderance of the evidence that the terms of the accused's suspension had been violated. *See Ward v. State*, 585 P.2d 355, 377 (Okl. Cr.1978) and the cases cited therein. Here, the State offered the testimony of an accomplice to the [then] alleged Burglary in addition to other testimony which was clearly sufficient to meet the preponderance test. This assignment of error is without merit.

As his second assignment of error, the appellant states that his rights to due process of law were violated because of the trial court's "failure to make written findings regarding reasons for revocation."

In past decisions, this Court has ruled that due process guarantees have been met in revocation proceedings which are fundamentally fair and comport with 22 O.S. 1981, § 991b. *Degraffenreid v. State*, 599

P.2d 1107 (Okl.Cr.1979). Also, the United States Supreme Court has recently ruled that due process was afforded in a similar factual setting "even though the State judge did not explain on the record his consideration and rejection of alternatives to consideration." *Black v. Romano*, 471 U.S. 606, 616, 105 S.Ct. 2254, 2260, 85 L.Ed. 2d 636, 645 (1985). In *Black*, as in this case, there were no "written findings." The record in *Black* consisted of the transcript of the defendant's hearing and a memorandum prepared by the sentencing court. While we have no memorandum before this Court, we do have a complete transcript of the revocation hearings. There are no objections raised by the appellant regarding the fundamental fairness of the preceedings, nor is there any evidence in the record that supports the slightest inference of "Arbitrary Action of Government." *Black supra*, 471 U.S. at 624, 105 S.Ct. at 2264, Marshall, J., concurring.

Accordingly, we conclude that appellant's assignments of error are without merit. The order revoking appellant's suspended sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.