Richard D. ROBINSON, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. O–88–806.

Court of Criminal Appeals of Oklahoma.

April 11, 1991.

———

ORDER DENYING PETITION FOR WRIT OF CERTIORARI

On October 9, 1986, RICHARD DALE ROBINSON, Petitioner, pled guilty to five

counts of Burglary in the Second Degree in the District Court of Osage County, Case No. CRF–86–133. He was sentenced to seven (7) years imprisonment, with three (3) years to serve and four (4) years suspended. On November 5, 1987, he was charged with Second Degree Burglary in District Court of Osage County, Case No. CRF–87–179. As a result, on January 13, 1988, the State filed its Motion To Revoke Suspended Sentence. On March 28, 1988, Petitioner appeared before Judge J.R. Pearman in the District Court of Osage County on his Motion to enter a guilty plea to Burglary in the Second Degree, After Former Conviction of Two or More Felonies, in Case No. CRF–87–179 and on the State's motion to revoke his remaining four years' suspended sentence in Case No. CRF–86–133. At the conclusion of the hearing and sentencing in Case No. CRF–87–179 and pursuant to a plea negotiation, the Petitioner's suspended sentence was revoked to run concurrently with the agreed twenty-year sentence received on the Burglary conviction. On April 4, 1988, a hearing was held on his motion to withdraw his guilty plea and the same was denied. Petitioner appeals from the court's order of revocation.[1]

In his only assignment of error, Petitioner contends that the order revoking his suspended sentence must be reversed because it was based on a stipulation by his counsel that he was guilty. He noted that after accepting his guilty plea in Case No. CRF–87–179, the trial court not only sentenced him on the guilty plea but also revoked his suspended sentence in this case when no evidence had been heard on the revocation. Specifically, he points out that the only "evidence" presented on the revocation motion was as follows:

THE COURT: Anything else from the State?

MR. HENRY: Your Honor, just for the purpose of the record, I would like it understood that the defendant is stipulating to the State's Motion To Revoke in regard to the second hearing. By entry of a plea, and so forth, they are stipulating to the allegations of that motion, so the Court can make the finding.

THE COURT: That wasn't covered. I appreciate you bringing that to the Court's attention.

That was your intent, was it not, Mr. Gambill?

MR. GAMBILL: Yes sir, Your Honor; to enter into a voluntary stipulation by virtue of his plea of guilty on the 1987 case.

THE COURT: Very well. We should have done that, I suppose, before I revoked the remainder of your sentence, but I just assumed, without having really gone into it, that that was the idea. So, with that understanding, of course, the Court will make the finding that that should be, and hereby is revoked.

Petitioner claims that such an announcement by defense counsel is insufficient evidence upon which to revoke his suspended sentence. As authority, Petitioner cites *Wright v. Craven,* 325 F.Supp. 1253 (D.C. Cal.1978) and *Cox v. Hutto,* 589 F.2d 394 (8th Cir.1979) holding that stipulations to prior felony convictions are equivalent to a guilty plea. Petitioner further argues that since defense counsel in this case stipulated to his guilt, said stipulation was the functional equivalent to a guilty plea, which must be entered by the defendant personally.

We cannot agree with Petitioner's contentions for several reasons. First, revocations are based on subsequent offenses, not on prior convictions. Hence, Petitioner's authorities are not applicable. Second, there is no adjudication of guilt or innocence upon a court's entry of its order revoking a suspended sentence, since judgment of guilt and sentence have already

---

1. Petitioner also filed a writ of certiorari challenging the trial court's denial of his motion to withdraw his guilty plea in Case No. 87–179.

This Court denied said petition. *See Robinson v. State,* 806 P.2d 1128 (Okl.Cr.1991).

been imposed. The question at the revocation hearing is whether that sentence should be executed. At a revocation hearing, the court only makes a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of the judicial revocation is to execute a penalty previously imposed in the judgment and sentence. *See Marutzky v. State*, 514 P.2d 430, 431 (Okl.Cr.1973); *Degraffenreid v. State*, 599 P.2d 1107, 1110 (Okl.Cr.1979). Third, violations of conditions of suspended sentence need only be shown by a "preponderance" of the evidence. *Lewis v. State*, 739 P.2d 534 (Okl.Cr.1987); *Fleming v. State*, 760 P.2d 206 (Okl.Cr.1988). Fourth, the decision to revoke a suspended sentence lies within the discretion of the trial court. *Hogan v. State*, 739 P.2d 1018 (Okl.Cr.1987).

In the instant case, Petitioner specifically pled guilty to Burglary in the Second Degree, After Former Convictions of Two or More Felonies. At the end of that hearing, he acknowledged to the trial court that he understood the plea agreement whereby he would serve twenty years on the Burglary conviction and that the four-years suspended sentence would be revoked to run concurrently with that sentence. Additionally, Petitioner acknowledged the same in writing and voiced no objection. We find this assignment of error without merit.

Finding no basis in law or fact for granting the writ prayed for, the petition for writ of certiorari should be, and is hereby, DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge