2002 OK CR 6

## Corey C. BURNHAM, Petitioner,

v.

## The STATE of Oklahoma, Respondent.

### No. C–2001–1294.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 2002.

As Corrected March 5, 2002.

### ORDER OF DISMISSAL

¶ 1 In this proceeding, Petitioner, acting pro se, attempts to commence an appeal by Petition for Writ of Certiorari from an order entered in the District Court of Cleveland County, Case No. CF–96–1957. The order was pronounced by the Honorable William C. Hetherington, Jr., District Judge, on September 7, 2001, and denied a pleading filed by Petitioner entitled "Motion to Withdraw Plea Agreement." For the reasons set forth below, the Court **FINDS** that within the context of Petitioner's matter, no appeal will lie from an order such as that of which Petitioner complains. Consequently, Petitioner's attempted appeal must be dismissed.

### I. Procedural Background

¶ 2 On September 4, 1997, Petitioner plead guilty to Count I—Unauthorized Use of a Vehicle. Pursuant to plea agreement, the District Court sentenced Petitioner to five years imprisonment with execution of all but the first 265 days thereof suspended under written terms of probation. On May 10, 2001, the State moved to revoke Petitioner's suspended sentence. The motion alleged as grounds for the revocation that Petitioner had been convicted on February 12, 2001, in Oklahoma County District Court, Case No. CF–2000–5609, of Possession of a Stolen Vehicle.

¶ 3 Following a hearing upon the Motion to Revoke, the District Court ordered the execution of a one-year portion of Petitioner's suspended sentence. The District Court's order was based upon a document presented to it entitled "Statement of Defendant on Confession of Motion to Revoke." Petitioner executed the Statement, and signatures of Petitioner's defense counsel and the Assistant District Attorney appear on the Statement acknowledging this. The Statement

reads, Petitioner "desire[s] to confess the State's ... Motion to Revoke Suspended Sentence." (O.R. 94.) It also asserts that Petitioner's decision to confess the State's Motion to Revoke is based in part upon "a plea negotiation with the State." (*Id.*) In the Statement, Petitioner affirms, "I understand that the District Attorney will recommend: Revoke 1 year consecutive to OK Cty Case # CF–00–5609." (*Id.*)

¶4 Judge Hetherington's court minute for this August 16, 2001, revocation hearing declares Petitioner "confesses State's Motion & the court sustains said Motion as factually based." (O.R. 93.) The formal journal entry of the revocation order finds Petitioner violated his probation, and that this finding followed a "stipulation by Defendant to the allegations contained within [the State's] Motion." (O.R. 104.)

¶5 Because revocation of his suspended sentence was based upon a "plea" confessing the State's Motion to Revoke, Petitioner perceived that any appeal of the District Court's revocation order would have to be brought in accordance with certiorari appeal procedures. A certiorari appeal begins in the trial court with the filing of "an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence." Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2002). Seeking to take the first step required for certiorari appeal, Petitioner, acting pro se, filed a "Motion to Withdraw Plea Agreement." As previously noted, a hearing was held on the Motion and the Motion denied on September 7, 2001.

1. Section 1051 further grants this Court authority to prescribe "the procedure to be followed for filing a petition for and the issuance of a writ of certiorari" and "[t]he scope of review to be afforded on certiorari." 22 O.S.1991, § 1051(b) & (c). The Court has established that a plea of nolo contendere is the functional equivalent of a plea of guilty. Rule 4.2(A).

2. Consequently, it matters not whether Petitioner's actions at the revocation hearing are characterized as a "plea of guilty" to the Motion to Revoke, are held to be an admission/stipulation to the facts alleged, or are construed as a confession of judgment. The classification placed upon Petitioner's acts at the revocation hearing is of no procedural consequence (as far as appeal is concerned), because an order of revocation is not

## II. A Certiorari Appeal Is Reserved for Instances Where a Conviction Has Been Entered Upon a Plea of Guilty or Plea of Nolo Contendere

¶6 "[I]t is to be remembered that appeal is a creature of statute and exists only when expressly authorized." *White v. Coleman*, 1970 OK CR 133, ¶11, 475 P.2d 404, 406. In a criminal matter in Oklahoma, the defendant is granted a general right of appeal to this Court "from any judgment against him." 22 O.S.1991, § 1051(a). The Legislature, however, has chosen to limit the right of appeal in those cases where such judgment follows a plea of guilty. In that situation, Section 1051 provides that "all appeals taken from *any conviction* on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals." 22 O.S.1991, § 1051(a) (emphasis added).[1] Under this statute, it is the occurrence of a "conviction" upon a plea of guilty that establishes the right to commence appeal; it is not the entry of a plea itself that gives rise to appeal.[2]

## III. Appeal from an Order Revoking Suspended Sentence Is by Petition in Error

¶7 When a defendant has been given a suspended sentence, state statute provides "[a]ny order of the court revoking such suspended sentence, in whole or in part, shall be subject to review on appeal as in other appeals of criminal cases." 22 O.S.1991, § 991b(C). Notably, in enacting this provi-

a "conviction" but is instead simply an order that a sentence previously entered be executed, either in whole or in part.

When the execution of a sentence is suspended, it is not vacated. The judgment itself is not impaired or limited. The time for its execution is merely deferred. While under a suspended sentence, a duly convicted person is not freed from the legal consequences of his guilt. He is merely enjoying a conditional favor, postponing his punishment, which may be withdrawn. When the suspension is revoked the convict is punished for the crime of which he was convicted, and not for violating the terms of his parole.
*Ex parte Boyd*, 73 Okl.Cr. 441, 452–53, 122 P.2d 162, 168 (1942).

sion, the Legislature did not require appeal by certiorari should the revocation order follow a plea of guilty to the petition for revocation.

¶ 8 Moreover, this Court's *Rules* state: "Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal." Rule 1.2(D)(4). Rule 1.2 lists the various methods of appeal and distinguishes *"Felony and Misdemeanor Appeals"* from *"Certiorari Appeals."* Regular misdemeanor and felony appeals are brought by Petition in Error. Rules 1.4(A) & 3.1(C). A revocation appeal is therefore brought by Petition in Error, and "[t]he appropriate appeal time commences upon imposition of the order revoking suspended sentence." Rule 1.2(D)(4).

¶ 9 Construing Petitioner's Petition for Writ of Certiorari as a Petition in Error would not save this matter from dismissal. This is because Petitioner was required to file a Notice of Intent to Appeal and Designation of Record within ten (10) days following the order of revocation. Petitioner did not do so. "The filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Rule 2.1(B). Accordingly, dismissal is required.

¶ 10 In finding Petitioner's matter must be dismissed, the Court does not ignore provisions within the "Statement of Defendant on Confession of Motion to Revoke" that was executed by Petitioner. This Statement erroneously advised Petitioner that he could appeal the District Court's order denying withdrawal of his confession of the State's motion to revoke. While this advice, if justifiably relied upon by Petitioner, might well be grounds for finding Petitioner was deprived of his right to appeal the revocation order through no fault of his own,[3] it cannot create a right of appeal where no such right is authorized by law.

¶ 11 **IT IS THEREFORE THE ORDER OF THIS COURT** that the Petition for Writ

of Certiorari and supporting brief seeking to appeal from the September 7, 2001, order denying "Motion to Withdraw Plea Agreement" in Cleveland County District Court, Case No. CF–96–1957, is **DISMISSED.**

¶ 12 **IT IS SO ORDERED.**

¶ 13 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 15th day of February, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile    .
STEVE LILE, Judge

---

**3.** A petitioner, who can prove he has been deprived of a right of appeal through no fault of his own, may be granted, under appropriate circumstances, post-conviction relief in the form of an appeal out of time. Rule 2.1(E)(1).