2013 OK CR 10

**Douglas Edward TILDEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. RE–2012–37.

Court of Criminal Appeals of Oklahoma.

July 12, 2013.

Virginia Banks, Stillwater, OK, for defendant at trial.

Michael Kulling, Asst. District Attorney, Payne County District Attorney's Office, Stillwater, OK, for the State at trial.

Kimberly D. Heinze, Oklahoma Indigent Defense System, Norman, OK, for defendant on appeal.

E. Scott Pruitt, Attorney General Of Oklahoma, Thomas Lee Tucker, Assistant Attorney General, Oklahoma City, OK, for the appellee on appeal.

### SUMMARY OPINION

A. JOHNSON, Judge.

¶ 1 On April 9, 2010, Appellant Tilden, represented by counsel, entered a guilty plea to a charge of Petit Larceny after former conviction of a felony in Payne County Case No. CF–2008–443. Tilden was sentenced to five years, all suspended, subject to terms and conditions of probation. Tilden did not seek to withdraw his plea or otherwise appeal his conviction. On August 10, 2011, the State filed an application to revoke Tilden's suspended sentence alleging Tilden failed to report to his probation officer, failed to keep his probation officer advised of his location and address, and failed to pay his monthly probation supervision fee.

¶ 2 On January 10, 2012, the District Court of Payne County, the Honorable Stephen Kistler, Associate District Judge, revoked Tilden's suspended sentence in full. From this judgment and sentence, Tilden appeals and raises the following propositions of error:

1. Because the original judgment and sentence was illegally imposed outside the statutory limit for the specific charged offense, the revocation of this void sentence is also void and must be vacated;

2. The revocation order must be vacated because the State failed to show that Tilden's failure to report and to pay supervision fees was willful;

3. The revocation order is excessive based on the facts and circumstances in this case;

4. Alternatively, any waiver or failure to preserve issues for review was the result of ineffective assistance of plea and revocation counsel; and

5. Cumulative error deprived Tilden of a fair proceeding and a reliable outcome.

The revocation of Tilden's suspended sentence is **AFFIRMED**.

¶ 3 When the State seeks revocation of a suspended sentence, the question is whether the sentence originally imposed should be executed, and the court makes a factual determination as to whether or not the terms of the suspended sentence have been violated. *See; Robinson v. State,* 1991 OK CR 44, ¶ 3, 809 P.2d 1320, 1322. The consequence of judicial revocation is execution of a penalty previously imposed in a judgment and sentence. *Id.; Burnham v. State,* 2002 OK CR 6, n. 2, 43 P.3d 387, 389; *Degraffenreid v. State,* 1979 OK CR 88, ¶ 13, 599 P.2d 1107, 1110; *Bishop v. State,* 1979 OK CR 9, ¶ 4, 593 P.2d 505, 507; *Marutzky v. State,* 1973 OK CR 398, ¶ 5, 514 P.2d 430,

431. The scope of review in a revocation appeal is limited to the validity of the revocation order executing the previously imposed sentence. Rule 1.2(D)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2013); *Nesbitt v. State,* 2011 OK CR 19, ¶ 5, 255 P.3d 435, 437; *Grimes v. State,* 2011 OK CR 16, ¶ 17, 251 P.3d 749, 755.

¶ 4 In proposition one, Tilden attempts to challenge the validity of his predicate conviction. Tilden argues that he was improperly charged with petit larceny instead of the more specific misdemeanor of larceny of merchandise from a retailer, which carries a lesser sentence. Any attempt by Tilden to appeal his judgment and sentence must be pursued through the procedures governing *certiorari* appeals. Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2013). The issue is not properly presented in the appeal of the revocation of his suspended sentence, and we will not address it here.

¶ 5 We find no merit in Tilden's second proposition that the State presented insufficient evidence to support the revocation of his suspended sentence. Alleged violations of conditions of a suspended sentence need be proven only by a preponderance of the evidence. *Robinson v. State,* 1991 OK CR 44, ¶ 3, 809 P.2d 1320, 1322; *Fleming v. State,* 1988 OK CR 162, ¶ 4, 760 P.2d 206, 207; *Lewis v. State,* 1987 OK CR 138, ¶ 9, 739 P.2d 534, 535. Tilden argues that the State did not prove that his failure to report and failure to pay probation fees was willful, and therefore has presented insufficient evidence to warrant revocation of his suspended sentence.

¶ 6 Tilden argues that his failure to report and failure to pay were the result of his constant incarceration from October 2010 until the State filed its application to revoke his suspended sentence. He claims that because he was incarcerated during the time that he was required to report, his failure to report and to pay probation fees cannot be considered willful and therefore cannot serve as the basis for revoking his suspended sentence. Tilden's suspended sentence was revoked only for his failure to report, not his failure to pay probation fees.

¶ 7 Tilden cites no controlling authority, and we find none, requiring that the State prove that a defendant's probation violation was willful before a suspended sentence can be revoked. Once the State proves that a defendant has violated the terms and conditions of his probation by failing to make required payments, the burden shifts to the defendant to show that this failure to pay was not willful, or that the defendant has made some good faith effort to make payments. *McCaskey v. State,* 1989 OK CR 63, ¶ 4, 781 P.2d 836, 837; *Patterson v. State,* 1987 OK CR 255, ¶ 3, 745 P.2d 1198, 1199. The issue here is Tilden's failure to report and his failure to pay fees. He argues that his intervening incarceration was the reason for his failure to do both. Regardless of the cause for failure to report and pay fees, Tilden's burden in the revocation proceeding remains the same. Once the State presented evidence that he failed to report to his probation officer and pay probation fees, Tilden's burden was to show that the failure to report and pay probation fees was not intentional, that he made some good faith effort to pay and report, or to offer some evidence in mitigation against revocation of his suspended sentence.

¶ 8 Testimony from Tilden's probation officer, Brandy Wyatt Shaffer, was that Tilden reported to her on September 13, 2010 after she initiated contact with him. Shaffer conducted an intake, advising Tilden of the rules and conditions of probation. Tilden filled out paperwork, and was told to report back on October 19, 2010 at 3 p.m. Tilden never again reported to Shaffer. Shaffer testified that she was aware that Tilden was arrested and released the next day on a public intoxication charge on November 29, 2010 in Pawnee County, and was arrested on an assault and battery charge in July 2011. Shaffer was aware of no other arrests or jail stays during the time that Tilden was to have been reporting and paying fees.

¶ 9 Tilden testified, in general, that he was doing time in other counties to satisfy debts owed to these counties and had been incarcerated since October 23, 2010. Tilden intro-

duced no documentation in support of his claim that he was jailed during the time he was ordered to report and did not attempt to explain how he could have been arrested on a public intoxication charge in Pawnee County in November 2010 if he had been constantly incarcerated from October 2010 until the date of the revocation hearing. Judge Kistler revoked Tilden's suspended sentence only for his continued failure to report. We find there was more than sufficient evidence for the district court to make this finding, and find no abuse of discretion in the court's decision.

¶ 10 In proposition three, Tilden argues that revocation of the remainder of his suspended sentence was excessive. The standard of review applied to revocation proceedings is abuse of discretion. *Jones v. State*, 1988 OK CR 20, ¶ 8, 749 P.2d 563, 565; *Crowels v. State*, 1984 OK CR 29, ¶ 6, 675 P.2d 451, 453; *Sparks v. State*, 1987 OK CR 247, ¶ 5, 745 P.2d 751, 752. Once the State meets its burden of proving a probation violation, it is up to the probationer to present circumstances that might militate against revocation of the suspension order. *See generally McCaskey v. State*, 1989 OK CR 63, ¶ 4, 781 P.2d 836, 837; *Patterson v. State*, 1987 OK CR 255, ¶ 3, 745 P.2d 1198, 1199. Violation of even one condition of probation is sufficient to justify revocation of a suspended sentence. *McQueen v. State*, 1987 OK CR 162, ¶ 2, 740 P.2d 744, 745. The recommendation for revocation was based upon Tilden's failure to comply with even the simplest probation requirement, to report to his probation officer and keep her advised of his whereabouts. We find no error in the district court's revocation of the entirety of Tilden's suspended sentence, and no abuse of discretion.

¶ 11 In proposition four, Tilden again attempts to challenge his underlying conviction, this time using the claim of ineffective assistance of plea and revocation counsel. Again, if Tilden wishes to challenge his underlying conviction, for whatever reason, including a challenge to counsel's alleged ineffective assistance, he must seek that relief through the procedures governing *certiorari* appeals. Rule 1.2(D)(4), *Rules of the Okla-*homa *Court of Criminal Appeals*, Title 22, Ch.18, App. (2013).

¶ 12 Finally, we reject Tilden's claim in proposition five. This Court has repeatedly held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by appellant. *Lott v. State*, 2004 OK CR 27, ¶ 166, 98 P.3d 318, 357; *Bland v. State*, 2000 OK CR 11, ¶ 132, 4 P.3d 702, 734.

### DECISION

¶ 13 The revocation of Appellant's suspended sentence in Payne County Case No. CF–2008–443 is **AFFIRMED**.

¶ 14 Pursuant to *Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2013), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J., SMITH, V.P.J., LUMPKIN, and C. JOHNSON, JJ.: concur.