OSCN Found Document:PERSHALL, JR. v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PERSHALL, JR. v. STATE
2017 OK CR 13
Case Number: PC-2016-1170
Decided: 05/31/2017
AMON WALDO PERSHALL, JR., Petitioner, v. THE STATE OF OKLAHOMA, Respondent.

Cite as: 2017 OK CR 13, __ __

 

ORDER DISMISSING POST-CONVICTION APPEAL
¶1 On March 21, 2017, this Court issued an Order directing Petitioner to show cause why the above-styled post-conviction appeal should not be dismissed for his failure to file a Notice of Post-Conviction Appeal and the resulting lack of an adequate appeal record. On April 3, 2017, Petitioner, pro se, filed a response asserting compliance with Rule 5.2(C), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2016). As Petitioner has not shown that he filed the requisite Notice of Post-Conviction Appeal, this Court FINDS that this appeal should be dismissed.
¶2 This Court's rules require the filing of a Notice of Post-Conviction Appeal. Rule 5.2(C)(1), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), provides that the party desiring to appeal from the final order disposing of a post-conviction proceeding "MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within ten (10) days from the date the order is filed in the District Court." (emphasis in original). Consistent with the other circumstances requiring the filing of a Notice of Intent to Appeal, we find that the filing of a Notice of Post-Conviction Appeal is jurisdictional. See Rule 2.1(B) (direct appeal) and Rule 4.2(D) (certiorari appeal), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2016); Blonner v. State, 2006 OK CR 1, ¶ 15, 127 P.3d 1135, 1142-43 (pretrial determination of mental retardation); Burnham v. State, 2002 OK CR 6, ¶ 9, 43 P.3d 387, 390 (revocation appeal); State v. Young, 1999 OK CR 14, ¶ 14, 989 P.2d 949, 952 (State appeal).
¶3 As exemplified by the circumstances of the present case, this Court has experienced difficulties in the timely receipt of the record on appeal in post-conviction appeals. We note that the filing of the Notice of Post-Conviction Appeal is essential because it triggers the District Court Clerk's duty to assemble the record on appeal, transmit the Notice of Completion of the record, and timely file the record with the Clerk of this Court. Rule 5.3(B), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2016). Without a timely filed Notice of Post-Conviction Appeal, the Clerk of the District Court cannot meet the time requirements for filing the record on appeal. Therefore a party desiring to appeal from the final order disposing of a post-conviction case MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court in conformity with Rule 5.2.
¶4 Turning to the present case, Petitioner has attached to his Response, an uncertified copy of a Notice which he filed to initiate one of his previous appeals to this Court. This pleading cannot save the current appeal.
¶5 The materials attached to the Petition in Error reveal that on July 12, 2012, Petitioner entered a plea of guilty to Driving a Motor Vehicle While Under the Influence of Alcohol, Second and Subsequent Offense (
47 O.S.Supp.2006, § 11-902) in District Court of Caddo County Case No. CF-2009-102. The District Court sentenced Petitioner to imprisonment for ten (10) years, all suspended. On March, 24, 2016, the District Court revoked Petitioner's suspended sentence in full. Petitioner did not appeal the District Court's revocation order.
¶6 The limited record before the Court reveals that Petitioner filed his original Application for Post-Conviction Relief on May 11, 2016. The District Court of Caddo County entered the Order Denying Post Conviction Relief on June 29, 2016. Because Petitioner did not receive notice of this ruling, he did not timely appeal and we dismissed his initial post-conviction appeal. Pershall v. State, PC-2016-866, unpub. dispo. (Okl. Cr. Oct. 10, 2016). On October 20, 2016, Petitioner filed his second Application for Post-Conviction Relief in the District Court seeking an appeal out of time of the District Court's denial of his original application. On October 26, 2016, the District Court recommended an appeal out of time in its Order Granting Post Conviction Relief. Petitioner timely appealed the District Court's order and filed his Notice of Post-Conviction Appeal in the District Court on November 7, 2016.
¶7 Petitioner filed his Petition in Error with this Court on that same date but failed to file a copy of the Notice which he had filed in the District Court. On November 16, 2016, Petitioner tendered his Motion to Supplement Record on Appeal seeking to supplement the record with a copy of the Notice which he had filed in the District Court on November 7, 2016. We granted Petitioner's motion to supplement. On November 30, 2016, we granted Petitioner a Post-Conviction Appeal out of Time. Pershall v. State, PC-2016-1018, unpub. dispo. (Okl. Cr. Nov. 30, 2016). We directed Petitioner to lodge his appeal in accordance with Rules 2.1(E)(3) and 5.2(C), Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2016),
¶8 It is apparent from the record that the Notice of Post-Conviction Appeal attached to Petitioner's Response is the document which he used to initiate his appeal in Case Number PC-2016-1018. The Notice remains attached to the Motion to Supplement which the Clerk of this Court tendered for filing on November 16, 2016 and, then, filed of record on November 30, 2016. The Motion bears both the tendered and the filed stamps which the Clerk impressed upon the document. The Motion recites the Case Number as "PC-2016-1018."
¶9 The Notice, itself, states that it seeks to appeal the District Court's "Order Granting Post Conviction Relief Allowing Appeal Out of Time" dated October 26, 2016. It does not seek to appeal the District Court's denial of the original Application for Post-Conviction Relief. The motion indicates that Petitioner signed it on the same date on which Petitioner gave notice of his appeal in Case Number PC-2016-1018. It is signed by the same Notary on the same date as in his former appeal.
¶10 Petitioner's claim that he filed the attached Notice seeking to initiate the appeal out of time which this Court granted him stretches the imagination and is contrary to the record. As noted in this Court's Order to show cause, Petitioner must have filed a Notice of Post-Conviction Appeal after this Court's Order of November 30, 2016, granting him an out of time post-conviction appeal. As Petitioner failed to file this Notice and has not shown cause why this appeal should not be dismissed, we FIND that this Appeal should be dismissed.
¶11 IT IS SO ORDERED.
¶12 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 31st day of May, 2017.
/S/GARY L. LUMPKIN, Presiding Judge 
/S/DAVID B. LEWIS, Vice Presiding Judge (CIR)
ARLENE JOHNSON, Judge NOT PARTICIPATING
/S/CLANCY SMITH, Judge (CIR)
/S/ROBERT HUDSON, Judge
ATTEST:
/s/Michael S. Richie
Clerk




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2002 OK CR 6, 43 P.3d 387, 73 OBJ 585, BURNHAM v. STATE
Discussed
 2006 OK CR 1, 127 P.3d 1135, BLONNER v. STATE
Discussed
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. Young
Discussed