ZAMARRIPA v. STATE2022 OK CR 10Case Number: RE-2021-13Decided: 06/16/2022JOSE JOEL ZAMARRIPA, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 10, __ __

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant appeals from the revocation in full of his suspended sentence in Case No. CF-2018-5780 in the District Court of Tulsa County, by the Honorable Clifford Smith, Associate District Judge. On May 15, 2019, Appellant entered a guilty plea to Manslaughter in the First Degree, in violation of 21 O.S.2011, § 71122 O.S.2011, § 982a

¶2 On October 2, 2020, the State filed an Amended Application to Revoke Suspended Sentence, alleging Appellant violated his probation by: (1) failing to report within 48 hours that he had been questioned by officers with the Bixby Police Department regarding his involvement in a fight on August 22, 2020, in which a firearm had reportedly been fired; (2) committing the crime of Obstructing an Officer, a misdemeanor, as alleged in Tulsa County District Court Case No. CM-2020-3343; (3) receiving a citation from the Oklahoma Highway Patrol for Speeding 26-30 MPH Over the Limit, as alleged in Tulsa County District Court Case No. TR-2020-11222; (4) receiving a citation from the Oklahoma Highway Patrol for Operating a Motor Vehicle Without Being Licensed or with Expired Driver's License, as alleged in Tulsa County District Court Case No. TR-2020-11223; and (5) receiving a citation from the Oklahoma Highway Patrol for Following Too Closely, as alleged in Tulsa County District Court Case No. TR-2020-11224.

¶3 On November 10, 2020, Appellant appeared before the trial court with his attorney, Johnnie James, and confessed the State's application to revoke. The written confession, which was signed by both Appellant and counsel James, noted that Appellant was confessing "blind." The confession was filed by the District Court Clerk and made a part of the case record.

¶4 On December 17, 2020, Appellant again appeared before the trial court for revocation sentencing. Judge Smith began the hearing by announcing he had substituted counsel by appointing the Public Defender's Office to represent Appellant because counsel James's presence could not be obtained that day due to COVID-related restrictions. Assistant Public Defender Kasey Baldwin represented Appellant during the proceeding. Counsel Baldwin submitted a letter of apology written by Appellant to the court. Judge Smith accepted the letter and then announced that he would issue his ruling by court minute. Judge Smith issued an order later that day revoking Appellant's suspended sentence in full.

I. THE ORDER OF REVOCATION IN THIS CASE IS EXCESSIVE BASED ON THE FACTS AND CIRCUMSTANCES OF THIS CASE.

II. APPELLANT'S ATTORNEY WAS INEFFECTIVE FOR COUNSELING MR. ZAMARRIPA TO STIPULATE TO THE REVOCATION WITHOUT ANY RECOMMENDATION FROM OR AGREEMENT WITH THE STATE.

III. APPELLANT'S ATTORNEY WAS INEFFECTIVE FOR FAILING TO ENSURE A PROPER RECORD OF APPELLANT'S PROCEEDINGS WOULD BE AVAILABLE, IF NEEDED, FOR APPELLATE PURPOSES.

IV. THE TRIAL COURT'S FAILURE TO PROVIDE A COMPLETE RECORD OF THE PROCEEDINGS DENIED JOSE ZAMARRIPA DUE PROCESS OF LAW.

V. APPELLANT'S NEWLY APPOINTED ATTORNEY WAS INEFFECTIVE FOR FAILING TO SEEK A CONTINUANCE WHEN APPOINTED TO REPRESENT MR. ZAMARRIPA ON THE DAY OF HIS REVOCATION SENTENCING HEARING.

VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE DISTRICT COURT AT HIS REVOCATION SENTENCING HEARING WHEN FORCED TO PROCEED WITH AN ATTORNEY WHO HAD JUST BEEN APPOINTED TO HIS CASE THAT DAY AND WAS NOT ADEQUATELY PREPARED TO REPRESENT HIM.

VII. THE CUMULATIVE EFFECT OF ALL THESE ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL AND WARRANT RELIEF FOR JOSE ZAMARRIPA.

ANALYSIS

¶5 In Proposition I, Appellant argues that revocation in full of his suspended sentence was excessive. A suspended sentence is a matter of grace. Demry v. State, 1999 OK CR 31986 P.2d 1145Tilden v. State, 2013 OK CR 10306 P.3d 554McQueen v. State, 1987 OK CR 162740 P.2d 744Jones v. State, 1988 OK CR 20749 P.2d 563

¶6 Appellant initially alleges that when he confessed to the State's application to revoke his suspended sentence, he believed he was only confessing to the three traffic citations alleged--not the allegations that he failed to report his contact with law enforcement or that he committed the crime of Obstructing an Officer. He concedes that support for this assertion cannot be found in the record on appeal.

¶7 For that reason, Appellant seeks to support his claim with an affidavit executed by OIDS Investigator Deidra McCloud, which is attached to the Application for Evidentiary Hearing on Claim of Ineffective Assistance of Counsel he has filed pursuant to Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022). Rule 3.11(B)(3)(b) does not allow for supplementation of the record for whatever purpose but is strictly limited to certain claims of ineffective assistance of counsel. Proposition I raises no such allegation. Therefore, the McCloud Affidavit will not be considered in assessing this claim.

¶8 Appellant contends that the only memorialization of the hearing on Appellant's confession to the State's application to revoke is "a five-line summary in the court docket." That is incorrect. As noted above, Appellant executed a written confession to the State's application. The written confession is quite detailed and includes the following statement by Appellant:

I have received and read a copy of the application against me which my lawyer now has. My lawyer and I have talked about this allegation. I have told my lawyer what I did and what I know about the allegation I am accused of. My lawyer has told me what he has learned about the witnesses and evidence against me. I have talked to my lawyer as much as I want to and we both agree it would be best that I confess the allegations in the application to revoke . . . . I believe that the witnesses and evidence against me can prove the allegations and establish facts to support my confession.

* * * *
I know that by confessing the application to revoke . . . I give up my right to have a fair, speedy and public hearing and all the other rights that go with the hearing. I now give up my rights and confess the allegations by signing this Confession of an Application.

(Emphasis added).

¶9 The record belies Appellant's assertion that he confessed to some, but not all, of the allegations in the State's application to revoke. Moreover, Appellant does not contest that he in fact violated the rules and conditions of his probation; he merely disputes which violations he confessed to committing. "Violation of even one condition of probation is sufficient to justify revocation of a suspended sentence." Tilden, 2013 OK CR 10

¶10 In Appellant's second, third, fifth, and sixth propositions of error, Appellant argues he received ineffective assistance of counsel during the revocation proceedings. This Court reviews such challenges under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Carter v. State, 1989 OK CR 11773 P.2d 373Scott v. State, 1987 OK CR 52734 P.2d 326Sears v. State, 2019 OK CR 8457 P.3d 1087Bland v. State, 2000 OK CR 114 P.3d 702Strickland, 466 U.S. at 687 (1984)).

¶11 Appellant argues in Proposition II that counsel James was ineffective for advising him to confess to the State's application to revoke without a plea agreement from the State. Appellant has not shown that counsel's advice fell outside "the wide range of reasonable professional assistance" or was otherwise constitutionally deficient. Strickland, 466 U.S. at 689. He also cites no authority supporting his assertion that a defense attorney cannot enter a stipulation to the State's evidence "unless his client gains something from the stipulation." Further, Appellant demonstrates no prejudice from the entry of his confession to the State's application. He does not argue that the State could not have proven the probation violations by a preponderance of the evidence had he not confessed the violations, nor has he shown that he had a defense to the alleged violations. Proposition II is denied.

¶12 In Proposition III, Appellant claims counsel James was ineffective for failing to request a court reporter at the hearing on his confession to the State's application to revoke. Appellant asserts, incorrectly, that "no record is available of Appellant's confession to the revocation on November 10, 2020," and therefore he has been "actually prejudiced because a complete review of all of the transcripts or records of the various hearing by this Court is now impossible in this revocation appeal."

¶13 While there is no transcript of the proceedings, as noted above, a record does exist of Appellant's confession to the State's application to revoke: the written confession itself, which has been made part of the record on appeal. Appellant's assertion, moreover, ignores the following procedure recognized by the Rules of this Court:

If no transcript has been previously prepared and no tape recording is available for any portion of the trial proceedings, the trial attorneys may stipulate or submit affidavits as to what transpired during the proceeding not transcribed or recorded. The trial judge shall enter an order adjudicating any matters upon which the attorneys cannot agree regarding what transpired during the unrecorded or untranscribed proceedings.

Rule 2.2(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022).

¶14 Appellant has not followed this procedure. Instead, he relies on an affidavit executed by OIDS Investigator Deidre McCloud concerning a phone conversation she had with counsel James in preparation for this appeal. The affidavit was not presented to the court below and is not part of the record on appeal. For this reason, Appellant seeks to supplement the record. He has filed a motion for evidentiary hearing pursuant to Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022). However, Appellant's request does not fall within the scope of the Rule.

¶15 Rule 3.11(B) strictly limits supplementation of the appellate record with extra-record material to two circumstances: (a) matters timely admitted as part of a motion for new trial; and, relevant here, (b) "[w]hen an allegation of the ineffective assistance of counsel is predicated upon an allegation of failure of trial counsel to properly utilize available evidence or adequately investigate to identify evidence which could have been made available during the course of the trial." Rule 3.11(B)(3) (emphasis added); see also Coddington v. State, 2011 OK CR 17254 P.3d 684

¶16 Appellant does not seek supplementation of the record to show that counsel failed to utilize or adequately investigate available evidence in the proceedings below. His complaint, rather, is that counsel failed to ensure an adequate record was made for appeal. Our Rules do permit extra-record supplementation of the record for such purpose. Accordingly, Appellant's Application for Evidentiary Hearing on Sixth Amendment Claim is DENIED.

¶17 "Failure to provide a complete record of every word spoken, or every action taken, in the proceedings below is not per se reversible error." Harris v. State, 2019 OK CR 22450 P.3d 93320 O.S.2011, § 106.4

¶18 Appellant has failed to show any actual error resulting from the failure to transcribe the hearing on his confession to the State's application to revoke. See Parker v. State, 1994 OK CR 56887 P.2d 290Huntley v. State, 1988 OK CR 28750 P.2d 1134

¶19 Propositions V and VI both raise challenges to counsel Baldwin's effectiveness during the revocation sentencing hearing in light of her same-day appointment by the trial court. Appellant argues in Proposition V that counsel Baldwin was ineffective for failing to request a continuance of sentencing so that she might have had time to investigate whether mitigating evidence existed, which possibly could have affected the outcome of the proceeding if presented.

¶20 Even on appeal, however, Appellant identifies no mitigating evidence he believes counsel would have uncovered had a continuance been granted. Thus, he has not shown prejudice from counsel Baldwin's failure to move for a continuance of the sentencing proceedings. "When a claim of ineffectiveness of counsel can be disposed of on the ground of lack of prejudice, that course should be followed." Malone v. State, 2013 OK CR 1293 P.3d 198 Strickland, 466 U.S. at 697). Proposition V is denied.

¶21 Appellant asserts in Proposition VI that he need not show actual prejudice in this matter because prejudice should be legally presumed in light of a "constructive denial of the assistance of counsel altogether." In Appellant's view, the trial court "interfered with and prevented Appellant from appearing with prepared, effective legal counsel" by "forc[ing] Appellant to proceed immediately with the sentencing on his revocation."

¶22 Appellant invokes the standard set forth in United States v. Cronic, 466 U.S. 648 (1984). In Cronic, the United States Supreme Court identified a narrow exception to the application of Strickland's prejudice requirement when defense counsel completely fails to engage in the adversarial process. Cronic, 466 U.S. at 659; see also Bell v. Cone, 535 U.S. 685, 697 (2002). Every refusal to postpone a criminal trial, however, will not give rise to the presumption of prejudice. Cronic, 466 U.S. at 661. To be sure, the Supreme Court has refused "to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel." Chambers v. Maroney, 399 U.S. 42, 54 (1970).

¶23 Our review of the record shows this is not a situation where the presumption of prejudice is appropriate. Appellant's contention that the trial court "forced" him to proceed to revocation sentencing the day counsel Baldwin was appointed simply finds no support in the record. Indeed, neither Appellant nor counsel Baldwin raised any objection to the trial court proceeding with the sentencing hearing that day, nor did Appellant or counsel Baldwin request a continuance of the hearing which the trial court denied.

¶24 "This case is not one in which the surrounding circumstances make it unlikely that [Appellant] could have received the effective assistance of counsel." Cronic, 466 U.S. at 666. Given Appellant's previous confession to the State's application to revoke weeks earlier, counsel Baldwin's role at the revocation sentencing was quite limited. Appellant has not shown the trial court's late appointment of counsel Baldwin to the case impaired her ability to effectively discharge her duty in any manner.

¶25 Again, Appellant points to no mitigating evidence he believes should have been presented at the revocation sentencing that might reasonably have affected the outcome of the proceeding. Prejudice cannot be presumed under these circumstances, and it has not been affirmatively demonstrated by Appellant. Proposition VI is denied.

¶26 In Proposition IV, Appellant argues that the trial court violated his right to due process by failing to ensure a court reporter was present for all of the revocation proceedings, particularly the hearing on his confession to the State's application to revoke and the hearing on his motion to withdraw said confession.

¶27 To begin with, Appellant cites no authority to support that a trial court has any duty, much less a constitutional duty, to ensure a court reporter is present for every court proceeding in a criminal matter absent a request from a party or counsel. On the contrary, as noted in our discussion of Proposition III, supra, the Oklahoma Statutes provide: "A trial or proceedings may proceed without the necessity of a court reporter being present, unless there is objection by a party or counsel." 20 O.S.2011, § 106.4

¶28 Furthermore, as it relates to his complaint that the trial court did not ensure an adequate record was made of the hearing on Appellant's motion to withdraw his confession to the State's application to revoke, Appellant's argument fails for yet another reason--there is no such thing as a withdrawal hearing on a confession to an application to revoke a suspended sentence.

¶29 As this Court explained two decades ago in Burnham v. State, 2002 OK CR 643 P.3d 387conviction has been entered upon a plea of guilty or nolo contendere. Id., 2002 OK CR 6see also 22 O.S.2011, § 1051Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022).

¶30 We take this opportunity to reiterate that an appeal from an order revoking a suspended sentence is brought not by a Petition for Writ of Certiorari but by a Petition in Error, and the appeal time commences upon imposition of the order revoking the suspended sentence. 22 O.S.Supp.2019, § 991bBurnham, 2002 OK CR 6Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022). The procedure to appeal from an order of revocation is the same regardless of whether the defendant admits--whether by confession, stipulation, or guilty plea--to committing the probation violations alleged by the State or is found guilty by the trial court at a revocation hearing following a plea of not guilty to the State's application to revoke.

¶31 Because Appellant had no right to a hearing on his motion to withdraw his confession to the State's application to revoke, he has not shown error in the trial court's summary denial of the same, whether on or off the record.

¶32 Finally, in Proposition VII, Appellant claims that even if none of the individual errors addressed above merit reversal, the cumulative effect of the errors committed requires either vacation or modification of the order revoking his suspended sentence in full. However, a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Baird v. State, 2017 OK CR 16400 P.3d 875Fields v. State, 1996 OK CR 35923 P.2d 624

DECISION

¶33 The revocation of Appellant's suspended sentence in Tulsa County District Court Case No. CF-2018-5780 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, THE HONORABLE CLIFFORD SMITH,
ASSOCIATE DISTRICT JUDGE

 

APPEARANCES AT REVOCATION

JOHNNIE JAMES
ATTORNEY AT LAW
616 S. BOSTON AVE., STE 200
TULSA, OK 74119
COUNSEL FOR DEFENDANT

KASEY BALDWIN
ASST. PUBLIC DEFENDER
423 S. BOULDER AVE., STE 300
TULSA, OK 74103
COUNSEL FOR DEFENDANT

BRETT MIZE
ASST. DISTRICT ATTORNEY
500 SOUTH DENVER AVE., STE 900
TULSA, OK 74103
COUNSEL FOR STATE

APPEARANCES ON APPEAL

VIRGINIA SANDERS
P.O. BOX 926
NORMAN, OK 73030
COUNSEL FOR APPELLANT

JOHN M. O'CONNOR
OKLA. ATTORNEY GENERAL
TESSA L. HENRY
ASST. ATTORNEY GENERAL
313 N.E. 21st ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR IN RESULTS
MUSSEMAN, J.: CONCUR

FOOTNOTES

sentence. See Rea v. State, 2001 OK CR 2834 P.3d 148revocation of his suspended sentence in full is excessive. It is well settled that a trial court's decision to revoke a suspended sentence, in whole or in part, is reviewed for an abuse of discretion. Jones, 1988 OK CR 20Caudill v. State, 1981 OK CR 161637 P.2d 1264

See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022). Later, during the revocation sentencing hearing, the trial court orally advised Appellant that "to appeal anything that happened in court today," Appellant "would initiate that process by attempting to withdraw [his] confession." Defense counsel also assured the trial court that she had "informed [Appellant] he does have a right to withdraw his confession within ten days from sentencing."

Understandably, then, Appellant attempted to initiate appellate proceedings by first filing a motion to withdraw his confession to the State's revocation application. The trial court set the matter for a withdrawal hearing. The State filed a written objection to the court conducting the withdrawal hearing arguing, correctly, that no such procedure exists and no right to appeal would lie therefrom. The docket reflects that when the case came on for the withdrawal hearing, the trial court sustained the State's objection and denied Appellant's motion to withdraw his confession. In the meantime, Appellant filed a timely Notice of Intent to Appeal and Designation of Record, thereby properly commencing this appeal. Appellant, therefore, has not been prejudiced by the erroneous advice he received.